## CASEY v. AMERICAN EXPORT LINES, Inc.

No. 74, Docket 21101.

United States Court of Appeals
Second Circuit.

July 15, 1949.

Writ of Certiorari Denied Nov. 21, 1949.

See 70 S.Ct. 189.

For former opinion, see 173 F.2d 324.

James M. Estabrook, New York City, for movant.

Jacob Rassner, New York City, in opposition.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

PER CURIAM.

The judgment in favor of the plaintiff was affirmed in Casey v. American Export Lines, 2 Cir., 173 F.2d 324 but we directed that our mandate be withheld until the Supreme Court should decide the case of McAllister v. Cosmopolitan Shipping Company, 2 Cir., 169 F.2d 4, then pending on certiorari, 335 U.S. 870, 69 S.Ct. 167. The McAllister case was reversed on June 27, 1949 for the reason that a general agent under the standard form of agreement is not liable to a seaman injured by negligence of the officers or crew of a vessel owned by the United States. 69 S.Ct. 1317. Consequently our decision of affirmance must be reversed, as must likewise the judgment of the district court.

However, we are not prepared to direct that the action be forthwith dismissed. The plaintiff argues that a cause of action under the Jones Act based on negligence of the defendant's shore-side employees will still lie against the defendant, despite the recent reversal of the McAllister case. This contention is not supportable because the defendant was not the employer of the plaintiff's decedent. See 46 U.S.C.A. § 688. But it may be possible under the doctrine of Hurn v. Ours-

338

ler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, that the court can retain jurisdiction of the cause as one arising under the law of Massachusetts, despite the lack of diversity of citizenship of the parties. On this question we intimate no opinion but we believe that the plaintiff should be permitted to present it to the district court, if he so desires.

Accordingly the judgment on appeal is reversed and the cause remanded for such further proceedings as may be appropriately had.