SIMS v. SPRAGUE S. S. CO.

Civ. A. No. 5246.

United States District Court
E. D. Pennsylvania.

Aug. 11, 1949.

W. R. Lorry, Philadelphia, Pa., for plaintiff.

Robert Cox, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This is. a. seaman's action .against Sprague Steamship Company, which serviced the vessel S.S. William Tyler in September, 1944, under a General Agency agreement with the United States, through the War Shipping Administration. Plaintiff was a member. of the crew of the ship from September, 1944, to January, 1945, and suffered. stomach . disorders subsequently. . .

Plaintiff brought suit against defendant for maintenance and cure and for compensatory damages. The theory upon which he sought the latter was that defendant had breached its duties to him in the following ways: by furnishing him with an unseaworthy ship (a defective refrigerator which failed to prevent food from spoiling), by negligently furnishing him with bad food while a member of the crew, and by failing to provide him with maintenance and cure after he left the vessel, which resulted in an aggravation of his injuries. The case was submitted to the jury in these terms and a verdict was returned of $2,100.00 for maintenance and cure and $1,850.00 for damages. Throughout the case, defendant raised in a proper manner its objection that none of the duties that plaintiff alleged it had breached properly rested upon it at all, since it only serviced the vessel under the General Agency agreement with the government. Urging this point along with others, defendant moved for judgment notwithstanding the verdict or a new trial.

The issue thus raised has been the subject of much controversy and conflicting opinions. See Gaynor v. Agwilines, Inc., 3 Cir., 169 F.2d 612; McAllister v. Cosmopolitan Shipping Co., 2 Cir., 169 F.2d 4. However, the Supreme Court has resolved the issue and decided that a seaman's action against his employer on facts such as these, is against the United States, the owner of the vessel. See Cosmopolitan Shipping Co. v. McAllister, 69 S.Ct. 1317. There is no doubt that under this decision and the affirmance of the Gaynor case, 69 S.Ct. 1317, plaintiff in the instant case can seek maintenance and cure or damages resulting from failure to furnish it, or a seaworthy vessel, only from the government. However, it is possible that a negligence action might still lie against the ship's agents, defendant in the instant case, for failure to live up to its responsibility of husbanding the vessel; e. g., to "equip, victual, supply and maintain the vessel", subject to the supervision of the government. See Cosmopolitan Shipping Co. v. McAllister, supra, 69 S.Ct. 1317; Gaynor v. Agwilines, Inc., supra, 169 F.2d at page 619. Therefore, I do not think that, as to the negligence cause of action, judgment should be entered for defendant or the complaint dismissed at this time. Undoubtedly, the verdict of $1,850.00 for damages cannot stand, since the instructions to the jury, under the recent decisions of the Supreme Court, were erroneous.

Accordingly, a new trial will be ordered as to the first cause of action, which was based, in part, on defendant's negligence. Cf. Weade et al. v. Dichmann, Wright & Pugh, Inc., 69 S.Ct. 1326. Should plaintiff prefer to press its broader action for damages against the government rather than against this defendant, with its limited duties, a motion to dismiss the complaint may be made. Cf. Read v. Agwilines, Inc., No. 9654, 3 Cir. July 5, 1949.

As to the second cause of action for maintenance and cure, the complaint will be dismissed without prejudice to any claim which the plaintiff may make against the government with respect to the subject matter of the complaint. Cf. Read v. Agwilines, Inc., supra.

An order will be entered in accordance with this opinion.