**THOMSON v. ALCOA S. S. CO., Inc. et al.**

No. 6887.

United States District Court
E. D. Pennsylvania.

May 25, 1950.

E. Herman Fuiman, Philadelphia, Pa., for plaintiff.

T. J. Mahoney, Jr., Philadelphia, Pa., for defendant.

BARD, District Judge.

This is a seaman's action against the Alcoa Steamship Company, Inc. (hereinafter called Alcoa) to recover compensatory damages for injuries sustained by the plaintiff on November 17, 1945 while employed aboard the S.S. Arthur M. Hulbert and to recover maintenance and cure. At the jury trial of his cause, he was awarded a verdict of $985.20 for compensatory damages and a verdict of $24.50 for maintenance and cure. It is now before me on the plaintiff's motion for new trial and on the defendant Alcoa's motion for judgment notwithstanding the verdict or for a new trial.

The S.S. Arthur M. Hulbert is owned by the United States of America, War Shipping Administration. Pursuant to the standard General Agency Agreement, probably GAA 4–4–42,[1] Alcoa handled certain phases of the ship's husbandry.

The defendant contends in its motion for judgment notwithstanding the verdict that in accordance with the Clarification Act of 1943,[2] the plaintiff's sole remedy is a non-jury action against the United States under the Suits in Admiralty Act.[3] I agree.

The plaintiff was employed by the master of the S.S. Arthur M. Hulbert on behalf of the United States. The shipping articles signed by the plaintiff show that the "Operating Company on this Voyage" was "W.S.A. Alcoa S/S Co., gen. agts." These articles were not valid unless signed by the Shipping Commissioner. The plaintiff was paid with funds provided by the United States. It was the United States Government's orders which controlled the master and the crew and which chose the route and destination of the S. S. Arthur M. Hulbert. The contract of employment was between the plaintiff and the United States, not between the plaintiff and Alcoa.

The plaintiff was injured when he slipped on the deck which was in a greasy and oily condition and which portion of the deck was located in an improperly lighted section of the vessel. His injuries were caused by the negligence of the master or the crew.

Under these circumstances, the outcome of this case is controlled by the recent decisions of the United States Supreme Court in Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L. Ed. 1692, and in Fink v. Shepard Steamship Co. (Gaynor v. Agwilines, Inc.), 337 U.S. 810, 69 S.Ct. 1330, 93 L.Ed. 1709. These cases hold that the general agent such as Alcoa, who handles certain shoreside business of a vessel owned by the United States, is not liable to a seaman for compensatory damages for injuries caused by the negligence of the master or crew of such vessel or for maintenance and cure. See also Casey v. American Export Lines, Inc., 2 Cir., 176 F.2d 337, certiorari denied 338 U. S. 885, 70 S.Ct. 189; Bohannon v. American Petroleum Transport Corp., D.C., 86 F.Supp. 1003; Loraine v. Coastwise Lines, Inc., D.C., 86 F.Supp. 336, 338; McGrath v. South Atlantic S.S. Line, D.C., 85 F.Supp. 764, 770, 771; Sims v. Sprague S.S. Co., D. C., 85 F.Supp. 563; Gibson v. International Freighting Corp., D.C., 85 F.Supp. 562; cf. Weade v. Dichmann, Wright & Pugh, Inc., 337 U.S. 801, 69 S.Ct. 1326, 93 L.Ed. 1704.

Accordingly, the verdict and judgment entered thereon in favor of the plaintiff for $985.20 for negligence and for $24.50 for maintenance and cure is vacated, and judgment is hereby entered for the defendant

---

1. 46 C.F.R. Cum.Supp. § 306.44 et seq.

2. Act of March 24, 1943, c. 26, § 1, 57 Stat. 45, as amended, 50 U.S.C.A.Appendix, § 1291.

3. Act of March 9, 1920, c. 95, § 1 et seq., 41 Stat. 525, as amended, 46 U.S.C.A. § 741 et seq.

Alcoa Steamship Company, Inc. on each of the two causes of action in the plaintiff's complaint.