361 F.2d 217
 UNION BARGE LINE CORPORATION and Aetna Casualty and Surety
Company, Appellants,
v.
Walter M. ALLEN, Appellee.
Walter M. ALLEN, Appellant,
v.
UNION BARGE LINE CORPORATION, Aetna Casualty and Surety
Company, and the M/V MARINER, Appellees.
DRAVO CORPORATION, Appellant,
v.
UNION BARGE LINE CORPORATION and Aetna Casualty and Surety
Company, Appellees.
 No. 22763.
 United States Court of Appeals Fifth Circuit.
 May 24, 1966, Rehearings Denied Aug. 29, 1966.
 
 Appeals from the United States District Court for the Eastern District of Louisiana; E. Gordon West, Judge.
 
 
 1
 Lemle & Kelleher, George B. Matthews, New Orleans, La., for Union Barge Line Corporation and Aetna Casualty & Surety Co.
 
 
 2
 Adams & Reese, George V. Baus, New Orleans, La., for Dravo Corp.
 
 
 3
 John L. Avant, Baton Rouge, La., for Allen.
 
 
 4
 Dodd, Hirsch, Barker, Avant & Wall, Baton Rouge, La., for libelant-appellant.
 
 
 5
 Before JONES and GEWIN, Circuit Judges, and HUNTER, District Judge.
 
 PER CURIAM:
 
 6
 We find ourselves in agreement with the opinion and decision of the District Court reported in 239 F.Supp. at p. 1004.
 
 
 7
 The judgment is therefore affirmed.
 
 
 8
 JONES, Circuit Judge (dissenting).
 
 
 9
 The facts are set forth in the district court's findings. Allen v. Union Barge Line Corporation, 239 F.Supp. 1004. The M/V Mariner was in drydock undergoing an overhaul. Dravo Corporation was doing the work. Allen was its employee. Allen was on a scaffold erected by Dravo. Allen was engaged in the removal of the propeller shaft and specifically was either taking off or putting on a coupler bearing. The scaffold collapsed and he was hurt. I cannot agree that the vessel was in navigation or that Allen was engaged in work customarily performed by seamen. To affirm, as the majority does, seems to me an unwarranted extension of the doctrines announced in Ryan[1] and Sieracki,[2] therefore I
 
 
 10
 Dissent.
 
 
 
 [1]
 Ryan Stevedoring Co., Inc. v. Pan-Atlantic SS Corporation, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133
 
 
 [2]
 Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099