387 F.2d 358
 Rosalie SPURGEON, as Administratrix of the goods, chattels
and credits of Martin Spurgeon, Deceased,
Plaintiff-Appellant,
v.
DELTA STEAMSHIP LINES, INC. (formerly Mississippi Shipping
Co., Inc.), Defendant-Appellee.
Rosalie SPURGEON, as Personal Representative of the Estate
of Martin Spurgeon, Deceased, Libelant-Appellant,
v.
DELTA STEAMSHIP LINES, INC. (formerly Mississippi Shipping
Co., Inc.), Respondent-Appellee.
 No. 213, Docket 31749.
 United States Court of Appeals Second Circuit.
 Argued Nov. 30, 1967.
Decided Dec. 12, 1967.
 
 Harry Ruderman, New York City, for appellant.
 Arthur M. Boal, New York City (Boal, McQuade & Fitzpatrick, New York City, on the brief), for appellee.
 Before MOORE, SMITH and KAUFMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff as Administratrix of the Estate of Martin Spurgeon, deceased, instituted two separate actions to recover damages for Spurgeon's wrongful death resulting from a shipboard incident. One action was brought under the Death on the High Seas Act, 46 U.S.C. 761 et seq., and the other was brought under the Jones Act, 46 U.S.C. 688. The actions were consolidated for trial. A jury verdict was rendered in favor of plaintiff on the Jones Act claim and the court made an identical award in admiralty under the Death on the High Seas Act. One judgment for $60,000 was entered. Forty days after the entry of judgment, plaintiff made a motion to resettle judgment so as to include interest thereon from the date of the deceased's death to the date of the judgment. This motion was denied.
 
 
 2
 The court below stated that 'this court finds that the jury in arriving at its verdict in the action at law under the Jones Act, considered the additional loss resulting from the delay in receiving compensation and further finds that the amount of the verdict is sufficient to cover said interest.' Appellant points out that pre-judgment interest is not legally available in a Jones Act case but that it is available in a Death on the High Seas Act case, Moore-McCormack Lines, Inc. v. Richardson, 295 F.2d 583, 592-595, 96 A.L.R.2d 1085 (2d Cir. 1951). However, from that rule and the statement of the court below, appellant draws the erroneous inference that the court did not grant pre-judgment interest in the admiralty action. The court specifically stated that the amount of the verdict was 'sufficient to cover said interest.' It would have been preferable for the court to have stated that it was granting a judgment of X dollars and allowing interest at Y per cent, but it is clear that the court in this case did grant an undisclosed amount of pre-judgment interest even though it decided that the total amount of the award should not exceed the jury verdict.
 
 
 3
 If a timely motion had been made, a remand to the District Court for an elucidation of the amount of interest awarded might have been appropriate. However, a motion to 'resettle' a judgment to include pre-judgment interest is really a motion to alter or amend a judgment, and Fed.R.Civ.P. 59(e) requires that it be made within 10 days after entry of judgment. Rules 6(b) states that this time limitation cannot be enlarged.
 
 
 4
 Affirmed.
 
 IRVING R. KAUFMAN, Circuit Judge (dissenting):
 
 5
 I am constrained to disagree with my brothers. There is nothing in the record to indicate that the District Court assessed prejudgment interest, or that the jury whose verdict the judge adopted in a conclusory manner as his own-- without furnishing any particulars or computations for his conclusion-- considered the question of moratory interest.[1]
 
 
 6
 The law is clear that an award in admiralty may carry interest from the date of death. Moore-McCormack Lines, Inc. v. Richardson, supra; Petition of the City of New York, 332 F.2d 1006 (2d Cir.), cert. denied, 379 U.S. 922, 85 S.Ct. 277, 13 L.Ed.2d 335 (1964). And, we have clearly stated that 'It would seem to us to be better to * * * have the computation made on a basis which is known and understood.' (Moore-McCormack Lines, supra, 295 F.2d at p. 594.) Similarly, in Alexander v. Nash-Kelvinator Corp., 261 F.2d 187 (1958), we held that the court's findings on damages were not made with sufficient particularity to be reviewed, and remanded so that they might be expanded. My brother Moore writing for the Court stated the rationale with such clarity:
 
 
 7
 'It becomes most important that the trial court comply meticulously with the requirements of Rule 52(a) with respect to findings so that the appellate court can properly appraise the elements which entered into the award. Just as the trial judge passes upon possible * * * prejudice and all the other legal grounds for attacking excessive damages on the post-trial motion to set aside a jury verdict so * * * the appellate court should have some knowledge of the * * * theory upon which the trial judge acted. Without this information the defendant is unable properly to exercise * * * appellate rights * * * and the court is equally unable to make appropriate appellate review.' Id. at 191.
 
 
 8
 Since there is nothing to indicate that the jury considered moratory interest and the judge's ipse dixit 'that the amount of the (jury's) verdict is sufficient to cover said interest' was given as his reason for failing to comply with our admonition in Moore-McCormack and Alexander, I would remand for findings on the computation of the judge's award with a specific indication by him of the amount allowed for interest.
 
 
 
 [1]
 Judge Cannella, on the defendant's motion to set aside the jury verdict in the sum of $60,000, decided that the damages awarded by the jury (in the action at law) were fair and just and that '(the Court) adopts that amount' as his award in the separate admiralty action. The judge refused to dismiss the admiralty action because he did not believe plaintiff's claim there was merged with the law action claim or award despite the fact that there was only one trial for both and there could be only one recovery