Felix CANOVA

v.

**EMPLOYERS MUTUAL LIABILITY IN-SURANCE COMPANY OF WISCON-SIN, the Travelers Insurance Company and Baldwin-Lima-Hamilton Corporation.**

Felix CANOVA

v.

**The CALIFORNIA COMPANY and the American Insurance Company.**

Civ. A. Nos. 11195, 13515.

United States District Court
E. D. Louisiana,
New Orleans Division.

Dec. 21, 1967.

Sam J. D'Amico, Bryan E. Bush, Jr., D'Amico & Curet, Baton Rouge, La., attorneys for Plaintiff.

Stanley E. Loeb, Loeb, Dillon & Livaudais, New Orleans, La., attorneys for The California Company and The American Insurance Company.

Robert B. Acomb, Jr., R. M. Contois, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., attorneys for The Travelers Insurance Company.

Carl J. Schumacher, Jr., John W. Futrell, Lemle & Kelleher, New Orleans, La., attorneys for Baldwin-Lima-Hamilton Corp.

Chester Francipane, Price & Francipane, Metairie, La., attorneys for Employers Mutual Liability Insurance Company.

MEMORANDUM OPINION

BOYLE, District Judge.

The plaintiff filed two suits. One suit was filed under the Jones Act against the California Company, plaintiff's employer, and California Company's insurer, American Insurance Company. The other suit was brought against Travelers Insurance Company, Employers Mu-

tual Liability Insurance Company of Wisconsin, and Baldwin-Lima-Hamilton Corporation. Jurisdiction in the latter suit was based on diversity of citizenship.

The two cases were consolidated and tried before a jury. The verdict of the jury makes one defendant in the diversity suit, namely, Travelers, a joint tortfeasor with both of the defendants in the Jones Act suit.

The issue now before the Court is whether or not the plaintiff. is entitled to prejudgment interest from either the Jones Act defendants or the "diversity" defendant.

█ As to the Jones Act defendants (California Company and American Insurance Company), it is the Court's view that no prejudgment interest may be allowed. This conclusion is supported by Louisiana & Arkansas Ry. Co. v. Pratt, 142 F.2d 847, 153 A.L.R. 851 (5th Cir., 1944), wherein the Court held that under the F.E.L.A. (to which the Jones Act is an amendment) interest was not properly allowable from the date of judicial demand, notwithstanding the statute of Louisiana to the contrary. See also Cortes v. Baltimore Insular Line, 66 F.2d 526 (2nd Cir., 1933).

In National Airlines, Inc. v. Stiles, 268 F.2d 400 (5th Cir., 1959), the Court distinguished cases arising under the F.E.L.A. and the Jones Act from cases arising under the Death on the High Seas Act. The Court determined that in cases arising under the Death on the High Seas Act prejudgment interest was allowable. The Court, therefore, impliedly adheres to its position enunciated fifteen years earlier in *Pratt*, although the Court was not actually confronted with the F.E.L.A. or the Jones Act in *Stiles*.

Turning now to the question of whether or not interest is to be assessed against the diversity defendant (Travelers), the Court initially notes that plaintiff has prayed for interest from date of judicial demand. The defendant has suggested that in determining what amount of interest, if any, is to be awarded to the plaintiff, the Court should consider that plaintiff showed a lack of diligence in having this matter set down on the trial docket. However, an examination of the record reveals that the case proceeded without any unusual delay until January 2, 1964, at which time the pleadings were complete and the matter was ripe to be placed on the trial request docket. The plaintiff did not request that the case be set for trial until July 12, 1965 (apparently prompted by call of the case on the call docket of June 30, 1965), at which time counsel for plaintiff stated he thought such request had already been made. Since July 12, 1965 the case proceeded to pretrial conference and finally to trial without delay other than that occasioned by the congested condition of the Court's docket due to the shortage of Judges. The Court cannot say that the delay between January 2, 1964 and July 12, 1965, during which time plaintiff's counsel was laboring under the misapprehension that a trial request had been made, had any appreciable effect on the ultimate trial date in view of the above-mentioned congested condition of the trial docket.

█ Whether or not interest is to be allowed is a matter of substantive law and in this case the body of substantive law to which the Court must look (and which the Court applied in the trial of the case) is the Federal General Maritime Law even though the suit against Travelers Insurance Company was based upon diversity of citizenship in order to secure trial by jury. See Moore-McCormack Lines, Inc. v. Amirault, 202 F.2d 893 (1st Cir. 1953).

█ Under the general maritime law, the awarding of interest is a matter lying within the discretion of the Court. See Haynes v. Rederi A/S Aladdin, 362 F.2d 345 (5th Cir., 1966); National Marine Service, Inc. v. Talley, 348 F.2d 589 (5th Cir., 1965); American Union Transport Co. v. Aguadilla Terminal, Inc., 302 F.2d 394 (1st Cir., 1962); Carl Sawyer, Inc. v. Poor, 180 F.2d 962 (5th Cir., 1950). The Court

is unaware of any authority in this circuit to the contrary and accordingly treats the matter of interest as one lying within its discretion.[1]

 Although the plaintiff prayed for interest from date of judicial demand, the Court has regarded that prayer as a general prayer for interest. But after considering all the circumstances of this case, the Court, in the exercise of its discretion, declines to award the plaintiff any prejudgment interest. Of course, plaintiff is entitled to interest on the judgment from the date of entry thereof at the rate of five percent (5%) per annum pursuant to 28 U.S.C. § 1961.

---

1. But see cf. Newburgh Land & Dock Company v. Texas Company, 227 F.2d 732 (2nd Cir., 1955); Hertz v. Graham, 292 F.2d 443 (2nd Cir., 1961). In its charge the Court instructed the jury that it may not award any amount to the plaintiff for interest. Counsel for plaintiff did not object to the giving of this instruction or any other instruction. Counsel for plaintiff did object to the Court's refusal to give his requested special charges, none of which, however, related to interest.