James M. GILROY, Plaintiff,

v.

ERIE–LACKAWANNA RAILROAD COMPANY, Inc., Defendant.

No. 64 Civ. 3027.

United States District Court
S. D. New York.
March 8, 1968.

See also D.C., 279 F.Supp. 139.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, by Theodore Friedman, New York City, for plaintiff.

Alexander & Green, New York City, by Donald Dunn and Alfred C. Moran, New York City, for defendant.

## MEMORANDUM

TYLER, District Judge.

On February 10, 1968, counsel for plaintiff in this action served a notice of motion praying for an order granting pre-judgment interest on the $80,000 F.E. L.A. award returned in favor of the plaintiff, for the period from June 10, 1962, the date of the injury, to January

30, 1968, the date of entry of the judgment.

Though no mention was made in the original papers as to the Federal Rule of Civil Procedure under which this application was made, see Southern District Court General Rule 9(d), plaintiff has filed additional papers asserting that the motion was brought under Fed.R.Civ.P. 60(a), relating to the correction of clerical mistakes in judgments.

Rule 60(a) has no rigid time limitation. The more general motion to amend a judgment, however, is the one made under Fed.R.Civ.P. 59(e), a Rule which recites a ten day time limitation. Plaintiff's initial motion papers were not served until eleven days after entry of judgment. In an attempt to protect any rights he may have under Rule 59(e), plaintiff has brought on a second motion in his supplemental papers, requesting alternative relief by way of an enlargement of time, *nunc pro tunc*, under Fed.R.Civ. P. 6(b). For reasons to be summarized hereinafter, both of plaintiff's motions are denied.

■ Turning first to the Rule 6(b) motion, it is clear that this court's power to increase time limits is circumscribed by the language of the Rule, which precludes enlargement of time for taking any action under Rule 59(e). See Spurgeon v. Delta Steamship Lines, Inc., 387 F.2d 358 (2d Cir. 1967); Gray v. Dukedom Bank, 216 F.2d 108 (6th Cir. 1954). Thus, considering plaintiff's original motion as one brought under Rule 59(e), it must be denied as untimely.

■■ Plaintiff's only possible avenue of relief, therefore, lies in Rule 60(a). His initial application, unfortunately, cannot be construed as a motion under this Rule. A motion to amend a judgment to add pre-judgment interest as a matter of right comes within the scope of Rule 60(a). The addition is merely a ministerial task which cannot be denied through mere inadvertence, regardless of whether the error goes undiscovered for a period exceeding ten days. See In re Merry Queen Transfer Corp., 266 F.Supp. 605 (E.D.N.Y.), modified sub nom. O'Rourke v. Merry Queen Transfer Corp., 370 F.2d 781 (2d Cir. 1967); cf. Rigopoulos v. Kervan, 53 F.Supp. 829 (S.D.N.Y.), modified, 140 F.2d 506, 151 A.L.R. 1126 (2d Cir. 1943).

■ Where, however, the motion to amend the judgment requests the discretionary imposition of interest, the application cannot be deemed as one for the correction of a clerical mistake. Requests of this nature must be made under Rule 59(e). See Stowers v. United States, 191 F.Supp. 795 (N.D.Ga.1961); cf. Spurgeon v. Delta Steamship Lines, Inc., supra; Gray v. Dukedom Bank, supra.

■ In his papers, plaintiff impliedly concedes that the allowance of pre-judgment interest in F.E.L.A. cases is not mandatory. Indeed, he requests that this court fill a "gap in the law" which to this day imposes no liability for pre-judgment interest on F.E.L.A. defendants. See, e. g., Louisiana & Arkansas Ry. v. Pratt, 142 F.2d 847, 153 A.L.R. 851 (5th Cir. 1944); cf. Casey v. American Export Lines, 173 F.2d 324, 326 (2d Cir.), on rehearing reversed on other grounds, 176 F.2d 337 (1949). Under these circumstances, plaintiff's initial application cannot be considered as a request to correct a clerical mistake. Rule 60(a) is hardly the proper vehicle for motions addressed to a change in the substantive law.

■■ Even if the initial motion had been timely served under Rule 59(e), it would have to be denied on the merits. As noted hereinabove, it has been traditionally held by the federal courts that pre-judgment interest may not be assessed in Federal Employers' Liability Act cases. To give plaintiff's counsel the best view of the matter, it could be said that the case authorities to such effect are somewhat ancient and that at

least a plausible argument could be made for the proposition that pre-judgment interest could be awarded in F.E.L.A. cases in the exercise of sound discretion by the trial court. See Moore-McCormack Lines, Inc. v. Richardson, 295 F. 2d 583, 592–595 (2d Cir. 1961), cert. denied, 368 U.S. 989, 82 S.Ct. 606, 7 L. Ed.2d 526 (1962). But even this assumption is of no avail to plaintiff's counsel here. Normally, pre-judgment interest in civil cases is an element of damages left to the jury. No request was made by plaintiff's counsel in this case for the court to instruct the jury concerning this possible element. Furthermore, there is no present way to determine what portion of the jury's verdict in plaintiff's favor for $80,000 represents damages for future losses, a segment of the recovery which analytically is incapable of supporting pre-judgment interest. See Petition of the City of New York, 332 F.2d 1006, 1008 (2d Cir.), cert. denied, 379 U.S. 922, 85 S.Ct. 277, 13 L.Ed.2d 335 (1964).

The motions are denied in all respects. It is so ordered.