**Harris J. DOUCET, Plaintiff-Appellee,**

v.

**WHELESS DRILLING COMPANY et al., Defendants-Appellants.**

**No. 71-1803.**

United States Court of Appeals, Fifth Circuit.

Sept. 25, 1972.

**338**

Mat M. Gray, III, A. R. Christovich, Jr., Faris, Ellis, Cutrone, Gilmore & Lautenschlaeger, New Orleans, La., for defendants-appellants.

John R. Martzell (Ungar, Dulitz, Jacobs & Manuel, New Orleans, La., of counsel), for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

GODBOLD, Circuit Judge.

Plaintiff brought this action against his employer for damages for personal injuries suffered while working on a submersible drilling barge, claiming under the Jones Act, 46 U.S.C. § 688, for negligence and under the general maritime law for unseaworthiness. Maintenance and cure also was claimed. After a non-jury trial judgment was for plaintiff based on findings of both negligence and unseaworthiness.

Plaintiff was employed by Wheless upon the submersible barge in drilling operations. The rig was heavily damaged in Hurricane Betsy, September 9–10, 1965, but most of the damage was to the equipment and little to the barge itself. The rig was towed to Houma, Louisiana, for repairs, where it was drawn up to the bank. Repairs commenced September 16, with Wheless utilizing the drilling crew for that purpose to the extent possible. On September 29, although repairs were not entirely complete, the same crew went back out on the barge, which had a new contract.

Plaintiff was injured September 16 while engaged in making the repairs. This suit was filed as a civil action [1] and trial by jury was demanded. Plaintiff moved for [partial] summary judgment, alleging that he was employed as a member of the crew of a vessel in navigation. Defendant filed a conclusory and argumentative "opposition" supported by a conclusory and argumentative statement of what was said to be uncontested facts, both unauthenticated. Plaintiff's motion was granted. On motion of Wheless, this time supported by substantial factual data not previously presented, this time in proper form, the District Judge reconsidered his order and reaffirmed it. Following a waiver of the demand for jury, trial was had before the court. Wheless was allowed to introduce additional evidence on the issue of status of the plaintiff, and the court entered findings of fact consistent with the conclusions previously reached in the granting of the [partial] summary judgment.

While defendant insists there were material contested issues of fact, none are pointed out to us. Rather defendant's objections are directed to the inferences drawn from the uncontested facts. Questions of status of a seaman are, in circumstances like those of this case, questions of fact to be resolved by the trier of fact. South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732 (1940); Senko v. LaCrosse Dredging Corp., 352 U.S. 370, 77 S.Ct. 415, 1 L.Ed.2d 404 (1957); Grimes v. Raymond Concrete Pile Co., 356 U.S. 252, 78 S.Ct. 687, 2 L.Ed.2d 737 (1958); Gianfala v. Texas Company, 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 775 (1955). Where the uncontested facts are such that a jury could reasonably draw therefrom only the inferences that the barge was a vessel in navigation and the plaintiff a member of its crew, and no inference to the contrary, the court may enter summary judgment. Summary judgment was properly granted in this case. Plaintiff's status as a seaman, by reason of being an offshore oil worker on a submersible drilling barge, was not lost because he was on temporary assignment in his employer's service to do repair work on the vessel

---

1. See discussion, *infra.*

with the intent of returning to an offshore seaman's work, Senko v. LaCrosse Dredging Corp., *supra;* O'Donnell v. Great Lakes Dredge & Dock Co., 318 U.S. 36, 63 S.Ct. 488, 87 L.Ed. 596 (1942); Crafton v. Tennessee Valley Sand & Gravel Co., 408 F.2d 1096 (5th Cir. 1969). The status of the vessel is clear also. It was within the control of the owner, Moye v. Sioux City & New Orleans Barge Lines, Inc., 402 F.2d 238 (5th Cir. 1968) (concurring opinion), it was partially afloat, the repairs were chiefly to drilling equipment, the time was short, and the vessel quickly returned to its drilling function as soon as a contract was secured and before repairs were fully done. Union Barge Line Corp. v. Allen, 361 F.2d 217 (5th Cir. 1966); Bodden v. Coordinated Caribbean Transport, Inc., 369 F.2d 273 (5th Cir. 1966).

If, however, the trial judge erred in his summary dispositions on these limited issues, Wheless still was allowed to introduce additional evidence at trial, and the court made painstaking findings, and then corrected findings, based on all the evidence. Indeed, Wheless has had several bites at the same apple.

The District Court was not plainly erroneous in finding that the plaintiff was not guilty of contributory negligence. This is so clear as to require no discussion.

■■ Over the strong opposition of appellant, the trial court allowed prejudgment interest from the date of judicial demand.[2] We affirm that action.[3] A seaman having a Jones Act claim may elect the remedy of a suit in admiralty or civil action at law. Panama Railroad Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748 (1924); Balado v. Lykes Bros. S.S. Co., 179 F.2d 943, 945 (2d Cir. 1950); McCarthy v. American

Eastern Corp., 175 F.2d 724, 726 (3d Cir.), cert. denied, 338 U.S. 868, 70 S. Ct. 144, 94 L.Ed. 532 (1949). This action began at law, because it was filed without a statement identifying the claim as an admiralty claim, as provided by Rule 9(h), Fed.R.Civ.P., and because the original suit papers demanded trial by jury, which is not available in admiralty. The action was instituted in 1966, and, after having been set for jury trial at least twice but continued, it was again set, and three days before the trial date plaintiff waived his request for a jury trial. Plaintiff's choice of the law side was not an irrevocable one. McAfoos v. Canadian Pacific Steamships, 243 F. 2d 270 (2d Cir. 1957); O'Neill v. Cunard White Star Line, 160 F.2d 446 (2d Cir.), cert. denied, 332 U.S. 773, 68 S.Ct. 56, 92 L.Ed. 358 (1947); Civil v. Waterman S.S. Corp., 217 F.2d 94 (2d Cir. 1954). Under Rule 9(h) the amendment of a pleading to add or withdraw an identifying statement is governed by Rule 15, Fed.R.Civ.P., the rule governing amended and supplemental pleadings. The Advisory Committee's note to that rule says:

> [T]he preferable solution [for providing some device for preserving the present power of the pleader to determine whether historically maritime procedures shall be applicable to his claim or not] is to allow the pleader who now has power to determine procedural consequences by filing a suit in admiralty to exercise that power under unification, for the limited instances in which procedural differences will remain, by a simple statement in his pleading to the effect that the claim is an admiralty or maritime claim.

The Notes go on to say that the claim made is not irrevocable and may be changed by amendment of a pleading to

2. On petition for rehearing, amended to delete the interest award as to that part of the judgment reflecting future loss of income.

3. Although not on the strength of appellee's brief. The amount at issue is substantial and the question not free from difficulty. Nevertheless counsel for appellee has afforded us no assistance, merely referring us without citation of authorities to the opinion of the District Judge on the issue.

add or withdraw an identifying statement in accord with Rule 15. The plaintiff in this case filed no amendment to add a statement identifying his claim as one in admiralty.

■ Three days later the case proceeded to trial before the court. It is now clear that with respect to a Jones Act suit at law prejudgment interest may not be awarded. Sanford Bros. Boats, Inc. v. Vidrine, 412 F.2d 958, 972–973 (5th Cir. 1969); Duvernay v. Alcoa S.S. Co., 217 F.Supp. 698 (E.D.La. 1963); Canova v. Employers Mut. Liability Ins. Co., 301 F.Supp. 738 (E.D. La.1967), aff'd on other grounds sub nom. Canova v. Travelers Ins. Co., 406 F.2d 410 (5th Cir.), cert. denied, 396 U.S. 832, 90 S.Ct. 88, 24 L.Ed.2d 84 (1969); Cortes v. Baltimore Insular Line, 66 F.2d 526 (2d Cir. 1933); Casey v. Amercan Export Lines, 173 F.2d 324 (2d Cir.), cert. denied, 338 U.S. 885, 70 S.Ct. 189, 94 L.Ed. 544, rev'd on other grounds on rehearing, 176 F.2d 337 (2d Cir. 1949); Cleveland Tankers v. Tierney, 169 F.2d 622 (6th Cir. 1948). The District Court correctly concluded that prejudgment interest may be awarded in admiralty. A number of cases have allowed it. See Gardner v. National Bulk Carriers, Inc., 333 F.2d 676 (4th Cir. 1964); Petition of Risdal & Anderson, Inc., 291 F.Supp. 353, 358–359 (D.Mass.1968); Petition of Marina Mercante Nicaraguense, S.A., 248 F.Supp. 15, 25 n. 22 (S.D.N.Y.1965), aff'd with modifications, 364 F.2d 118 (2d Cir. 1966), cert. denied, Marina Mercante Nicaraguense, S. A. v. McAllister Bros., Inc., 385 U.S. 1005, 87 S.Ct. 710, 17 L.Ed.2d 544 (1967); Williamson v. Western Pac. Dredging Corp., 441 F.2d 65 (9th Cir.), cert. denied, 404 U.S. 851, 92 S.Ct. 90, 30 L.Ed.2d 91 (1971) (by implication). In these cases the award of interest is subject to the usual admiralty rule of discretion. Chagois v. Lykes Bros. S.S. Co., 432 F.2d 388 (5th Cir. 1970), vacated and remanded on other grounds, 404 U.S. 1009, 92 S.Ct. 667, 30 L.Ed.2d 656, remanded to district court, 457 F.2d 343 (1972); Canova v. Travelers Ins. Co., 406 F.2d 410 (5th Cir.), cert. denied, 396 U.S. 832, 90 S. Ct. 88, 24 L.Ed.2d 84 (1969). In pointing out the unavailability of prejudgment interest at law, this circuit has noted the appropriateness of it in admiralty. Sanford Bros. Boats, Inc. v. Vidrine, *supra*, 412 F.2d at 972. In an earlier Death on the High Seas Act [4] case, National Airlines, Inc. v. Stiles, 268 F.2d 400, 406 (5th Cir. 1959), the court had said in dictum: "It is also understandable that the court would apply the same rule as to interest under the Jones Act, whether the particular suit was for death or for injury and pain and suffering and whether the suit was brought in admiralty or on the law side of the court." This dictum was part of a discussion, on the one hand, of interest mandated by a Congressionally created right of action for death only, created solely as an admiralty action, and, on the other hand, of interest allowable by the court in its application of the Jones Act. Read in context, we do not understand the statement to exclude power in the court to award interest in a Jones Act case in admiralty, but rather to say that as a matter of consistency in application, the court might choose to follow the same rule for interest on the law side and the admiralty side. In fact, on the same page the opinion cites Sabine Towing Co. v. Brennan, 85 F.2d 478 (5th Cir. 1936), in which interest was disallowed, as holding that the allowance of interest is discretionary in a Jones Act case tried in admiralty.

Appellant insists that by reason of the pleading deficiencies already discussed the case remained an action at law and never became an admiralty suit. The approach of the District Judge was as follows. The Jones Act broadens the scope of protection enjoyed by the seaman by granting to him the additional right of recovery for damages based upon negligence, and under Panama Railroad Co. v. Johnson, *supra*, he is free to en-

4. 46 U.S.C. § 761 et seq.

force that right on the admiralty side. The election permitted by the Act is only a decision as to the form of trial—jury or nonjury—or, as stated in Balado v. Lykes Bros. S.S. Co., *supra*, 179 F.2d at 945, "between a trial by jury and a suit in admiralty." Thus, he concluded, the plaintiff's waiver of his right to trial by jury was a sufficient election to proceed in admiralty.

There are advantages in insisting upon a transfer from one side of the court to the other by compliance with the means provided by Rules 9(h) and 15.[5] Nevertheless, we are not able to say that this district judge erred in treating the withdrawal of jury demand as an election to proceed in admiralty, though done with less than the formalities of the Rules. *Cf.* McAfoos v. Canadian Pacific Steamships, *supra,* and O'Neill v. Cunard White Star Line, *supra.* The district court is one in which a great volume of admiralty cases are tried. The District Judge is recognized for his expertise in the field, and he had experienced admiralty counsel before him. He was in a better position than we are to judge what respective counsel had in mind and whether anyone was injured. The record shows no objection by the defendant, no motion for continuance, and no inquiry to the court as to posture of the case.[6]

■ The judgment appealed from also was returned against Wheless' insurer, sued on diversity grounds under the Louisiana Direct Action Statute. The insurer did not take a protective appeal. This circuit has held that where suit is maintained on the law side under the

Jones Act against the employer's insurer, an award of interest against the diversity defendant-insurer is governed by general maritime law and it is, therefore, within the discretion of the court to award prejudgment interest against it. Canova v. Employers Liability Ins. Co., *supra*. This is another reason for affirming what the District Court did vis-a-vis the employer in the instant case.

The plaintiff suggests that based on its maritime law discretion the court, on the law side, could grant prejudgment interest against the employer because the employer was charged with, and found liable for, unseaworthiness. We pretermit discussion of this theory.

Affirmed.

---

5. Particularly would this be true where the shift is from admiralty to law (coupled with a demand for a jury.) For defense counsel to shift on short notice from preparing defense of a non-jury trial to preparing defense of a jury trial may pose difficulties.

6. Also, while not noted by the trial judge, the purpose of the identifying statement required by Rule 9(h) is to allow the pleader to determine procedural consequences. Arguably the requirement of the identifying statement, and the means

for withdrawing it by amendment of the pleadings, should not govern a substantive consequence such as entitlement to prejudgment interest, if the opposing party otherwise has notice of a change in status of the case.