**TRUNKLINE GAS COMPANY,**
**Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

No. 79–1364.

United States Court of Appeals, Fifth Circuit.

Dec. 17, 1979.

---

6. Indeed, we doubt that consent could ever be implied in the face of a clear statement of one's position to the contrary.

7. Certain defenses are available to one charged with not utilizing safety nets including but not limited to impossibility of installation.

James J. Flood, Jr., Washington, D. C., for petitioner.

Jerome Nelson, Sol., Barbara J. Weller, Atty., F.E.R.C., Washington, D. C., for respondent.

Before CHARLES CLARK, RONEY and GARZA, Circuit Judges.

PER CURIAM:

This case involves the review of two unreported orders issued by the Federal Energy Regulatory Commission and its predecessor, the Federal Power Commission, in *Trunkline Gas Company*, Docket Nos. RP72–23 *et al.* and RP73–35: the June 3, 1977 "Order Reversing Initial Decision" and the December 18, 1978 "Order Denying Rehearing."

By those orders, the Commission excluded from rate base certain advance payments made by Trunkline to a group of natural gas producers headed by Sun Oil Company and to Natural Gas Pipeline Company of America for the commitment of new natural gas reserves, unless specified conditions were met.

On review, the Commission concedes that the legal issue has been resolved in favor of Trunkline's position by *United Gas Pipe Line Co. v. FERC*, 597 F.2d 581 (5th Cir. 1979). This Court there held, *inter alia*, that advance payments such as the ones here under consideration made by a natural gas pipeline under FPC Order 465, 48 FPC 1550 (1972), could not be excluded from the pipeline's rate base. This case presents the same issue concerning Order 465 advances as did the *United* case.

The Commission requests us to remand the Commission's orders in this case so that its treatment of the Order 465 advance payments at issue can be reconsidered. We deny the request. That precise suggestion was made to this Court in the *United* case on a petition for rehearing.

In fact, the Commission's position here is argued in its brief by a long quotation from the petition for rehearing filed in the *United* case. That position was rejected by a denial of the petition for rehearing in *United* on August 8, 1979. 597 F.2d 581. So must it be here for three reasons. First, a panel of this Court must follow the decisions of prior panels, so the *United* decision controls this case. *Puckett v. Commissioner*, 522 F.2d 1385 (5th Cir. 1975). Second, Trunkline Gas Company, being in the same position as United Gas Pipe Line Company,

would seem to be entitled to the same treatment by this Court. Third, the Commission advances no reason for disparity in treatment of the two cases.

The petition for review is granted, the orders of the Commission are reversed, and the Commission is instructed to accord to Trunkline the rate base treatment mandated by our decision in *United*.

After this case was scheduled for oral argument, the Commission filed a motion to waive oral argument. Trunkline opposed the motion. Deciding that the dispositive issue had been "recently authoritatively decided," F.R.A.P. 34(a)(1), we granted the motion and decided the case on briefs without oral argument. 5th Cir. R. 18.

REVERSED.