**Inez Marie DRACHENBERG, Widow of Tracy V. Lilly, Plaintiff-Appellant,**

**v.**

**CANAL BARGE COMPANY, INC., Jena Marine Corporation and XYZ Insurance Company, Defendants-Appellees.**

No. 78–3146.

United States Court of Appeals, Fifth Circuit.

July 16, 1980.

Rehearing Denied Sept. 3, 1980.

Christopher Tompkins, Bertram M. Cass, Jr., New Orleans, La., for plaintiff-appellant.

Robert B. Acomb, Jr., New Orleans, La., for defendants-appellees.

Before GOLDBERG, GARZA and REAVLEY, Circuit Judges.

GARZA, Circuit Judge:

This is the second appearance of this case before this Court. The first appeal, reported at 571 F.2d 912, resulted in a remand. The facts are recited in much greater depth in the prior opinion and will only be sketched for purposes of this opinion.

Tracy V. Lilly (Decedent), an employee of the Freeport Gulf Sulphur Company, was supervising the unloading of molten sulphur from a barge in the Mississippi River into storage tanks on the shore, when the marine unloading arm which connected the barge piping system to the storage tanks broke, spilling molten sulphur on Lilly and causing injuries which resulted in his death. Decedent's widow (plaintiff) brought suit against the barge company (defendant) for damages for her husband's death. At the first trial, the District Court held that decedent was 100% contributorily negligent and denied recovery. On the first appeal this Court held that the unloading arm was improperly assembled and, was "without sufficient flexibility to accomodate the rise and fall of the barge in the water [and] proved itself under normal expected use to be unfit and was, therefore, unseaworthy." 571 F.2d at 921.

In reversing the case, we concluded that "the evidence does not support a finding that Decedent or any others at Freeport were aware that the last section of the arm was reversed or that there was any risk in using the arm . . . thus, although Decedent and Freeport knew that something had gone wrong with the arm in the past, there was no explicit evidence that the last section of the arm was reversed or that there was any reason for them to suspect that there was any particular risk involved in using the arm." 571 F.2d at 915. Although we held there was no negligence regarding Decedent's use, control or supervision of the unloading arm or piping system the case was remanded for a determination of damages and allowed for the defendants to prove the extent of Decedent's contributory negligence, if any. 571 F.2d at 922.

On retrial the District Court found that the accident caused by the defectively assembled unloading arm could have been prevented if Decedent had mechanically raised the unloading arm. Because of Decedent's failure to raise the arm, the Court found Decedent 60% contributorily negligent. The Court expressed the opinion that Decedent was 100% contributorily negligent, as originally found, but that the law of the case prevented such a finding.

The District Court found pre-retirement and post-retirement income in the amount of $51,332.00; pain and suffering damages in the amount of $40,000.00; loss of society to Decedent's widow and children in the amount of $15,000.00; and, awarded prejudgment interest and costs from the date of the accident. The Court denied medical and funeral expenses on the grounds that recovery of these amounts would "unjustly enrich" plaintiff since they had been paid by insurance coverage. The total damages of $106,332.00 was then reduced by 60% for a total award of $42,532.80.

On this appeal Decedent's widow argues that the finding of contributory negligence is entirely without support, that the court erred in awarding inadequate damages for loss of society for her and her children, and that she was entitled to damages for medical and funeral expenses. Regarding the contributory negligence issue, plaintiff contends that the defendant merely attempted to relitigate the negligence, if any, of Decedent arising from his supposed knowledge of the defective unloading arm and that the evidence presented proves no more than at the first trial. Furthermore, plaintiff argues the District Court's conclusion, that Decedent was negligent in failing to raise the unloading arm, is unsupported by any evidence. In response, defendant cites no evidence which could support the District Court's finding and does not attempt to defend the Court's conclusion concerning Decedent's failure to raise the unloading arm. However, defendant argues that Decedent's accident was caused solely by his own negligence because he was the only person responsible for repairing, maintaining and inspecting the unloading arm. Defendant does not point to any specific act of Decedent's negligence, but instead relies upon inferences to be drawn from evidence that Decedent knew or should have known of the defect in the unloading arm.

■ Whatever the merits of defendant's contentions, the fact remains that the only evidence presented at retrial of possible negligence, attributable to Decedent, depends upon the premise that Decedent knew or should have known of the defectively assembled unloading arm. However, this aspect of the case was clearly dealt with by the prior opinion of this Court. Any issue of negligence arising from what Decedent knew or should have known concerning the unloading arm has been foreclosed. Even if this panel were inclined to agree with defendant's view of the evidence, we are without power to overrule the law of the case as laid down in a prior panel decision of this Court. *Trunkline Gas Co. v. Federal Energy Regulatory Commission*, 608 F.2d 582 (5th Cir. 1979); *Cavett v. Ellis*, 578 F.2d 567 (5th Cir. 1978); *Jacksonville Shipyards, Inc. v. Perdue*, 539 F.2d 533 (5th Cir. 1976). We, therefore, hold that the defendant has failed to carry his burden of proof and reverse the District Court's finding of 60% contributory negligence.

■ Plaintiff's second argument urges this Court to find the District Court's award of $40,000.00 for Decedent's pain and suffering and $15,000 for the family's loss of society as grossly inadequate and clearly erroneous. After reviewing comparative awards, we find that, although the District Court would have been correct in awarding a substantially larger amount under the circumstances, the District Court did not abuse its discretion in awarding these amounts. See *Law v. Sea Drilling Corporation*, 510 F.2d 242 (5th Cir. 1975); *Dickerson v. Continental Oil Company*, 449 F.2d 1209 (5th Cir. 1971) *cert. denied, Insurance Co. of North America v. Continental Oil Co.*, 405 U.S. 934, 92 S.Ct. 942, 30 L.Ed.2d 809 (1972).

■ Plaintiff lastly argues that the District Court erred in refusing to award damages for medical and funeral expenses. Although the compensation carrier may have a lien on any such recovery under 33 U.S.C. § 933, the plaintiff is entitled to recover such awards. *Haughton v. Blackships*, 462 F.2d 788 (5th Cir. 1972); *The Etna*, 138 F.2d 37 (3rd Cir. 1943).

In conclusion, we reverse the District Court's finding of 60% contributory negligence, affirm the awards for Decedent's pain and suffering and for loss of society, reverse the refusal to award funeral and

medical expenses and remand the case for a determination of medical and funeral expenses and for entry of judgment of $106,-332.00 plus medical and funeral expenses together with costs and interest from date of the accident.

AFFIRMED in part, REVERSED in part.