Ira L. MARTIN, Plaintiff-Appellee,

v.

WALK, HAYDEL & ASSOCIATES, INC., Defendant-Appellant.

No. 85–3591

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 22, 1986.

Montgomery, Barnett, Brown & Read, Wood Brown, III, New Orleans, La., for defendant-appellant.

Cave & McKay, Donald G. Cave, Baton Rouge, La., for plaintiff-appellee.

Before CLARK, Chief Judge, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Appellant challenges an award of prejudgment interest on appellee's recovery under the Jones Act. Because this case was ultimately tried under the district court's admiralty jurisdiction, the chancellor had discretion to award prejudgment interest. Prejudgment interest may not, however, be recovered on future damages. We remand to the district court for a divi-

sion of the judgment into past and future damages, and an appropriate reduction of the award of prejudgment interest.

### I

Louisiana Offshore Oil Port, Inc. (Louisiana Offshore), hired J. Ray McDermott & Co. (McDermott) to perform dredging work. Louisiana Offshore also hired Walk, Haydel & Associates (Walk) to inspect this dredging work. Ira Martin, a Walk inspector, was injured when he stepped off a McDermott barge and onto a Louisiana Offshore flatboat during an inspection.

Martin sued Louisiana Offshore, Walk, and McDermott. After settling with Louisiana Offshore, he proceeded against Walk under the Jones Act and under general maritime law, and against McDermott under general maritime law. He subsequently abandoned his original request for a jury trial. The district court held that Martin was ten percent negligent, that Walk was sixty-five percent negligent, and that McDermott was thirty-five percent negligent. The judge awarded Martin damages and prejudgment interest calculated from the date of the accident.

On appeal, McDermott and Walk challenged the liability holdings of the district judge. A panel of this court reversed the holding against Walk based on unseaworthiness, affirmed the holding that Walk was negligent, reversed the holding that McDermott was negligent, and remanded for a reapportionment of fault and an appropriate reduction of the judgment. *Martin v. Walk, Haydel & Assocs., Inc.*, 742 F.2d 246, 249–50 (5th Cir.1984). That opinion was silent as to the award of prejudgment interest.

On remand, the district judge held that Louisiana Offshore's liability for unseaworthiness and Walk's liability for negligence were equal, dismissed McDermott, and entered an award of damages and prejudgment interest measured from the date of the accident against Walk. The judge denied Walk's postjudgment motion that challenged the prejudgment interest portion of the award.

On this second appeal, Walk disputes only the award of prejudgment interest. Walk argues that Martin brought this action on the "law side" of the district court's jurisdiction rather than on the "admiralty side," and that prejudgment interest is not allowed on a recovery under a Jones Act claim at law. Alternatively, Walk asserts that prejudgment interest is not allowed on future damages, and that the judgment must be divided into past and future damages and the award of prejudgment interest reduced accordingly. Martin refutes these arguments and also asserts that the law of the case doctrine precludes Walk from challenging the award of prejudgment interest on a second appeal.

### II

The Federal Rules of Appellate Procedure rather than the law of the case doctrine determine whether we may hear Walk's arguments on prejudgment interest. Fed.R.App.P. 37 provides that "[i]f a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest." An accompanying note further explains this portion of Rule 37.

In *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948), the [Supreme] Court held that where the mandate of the court of appeals directed entry of judgment upon a verdict but made no mention of interest from the date of the verdict to the date of the entry of the judgment directed by the mandate, the district court was powerless to add such interest. The second sentence of the proposed rule is a reminder to the court, the clerk and counsel of the *Briggs* rule. Since the rule directs that the matter of interest be disposed of by the mandate, in cases where interest is simply overlooked, a party who conceives himself entitled to interest from a date other than the date of entry of judgment in accordance with the mandate should be entitled to seek

recall of the mandate for determination of the question.

Fed.R.App.P. 37 advisory committee note.

The opinion on Walk's first appeal modified the district court's original judgment, but made no mention of the award of prejudgment interest. According to Rule 37, the district judge had no authority to award prejudgment interest on remand. Neither party has requested a reformation of the mandate in a petition for rehearing. Rule 37 makes no other provision for an award of interest on remand.

■ The Local Rules of the Fifth Circuit, however, allow this court to recall a mandate to "prevent injustice." 5th Cir.R. 41.- 2. The award of prejudgment interest against Walk conflicts, in part, with existing law in this circuit. To prevent this injustice, we now recall our prior mandate and address the propriety of a prejudgment interest award in this case.

Recent case law supports our decision to recall this mandate. In *Reeves v. International Telephone & Telegraph Corp.*, 705 F.2d 750 (5th Cir.), *reh'g granted*, 709 F.2d 358 (1983) (to allow additional interest), this court increased the prevailing plaintiff's award on appeal. The district court's original judgment did not include interest and our opinion did not mention interest. Instead of requesting a recall of our mandate, the plaintiff then sought interest in the district court. The district judge denied relief. *Id.* at 751. On the resulting appeal, we held that it would be unjust to deny the plaintiff interest to which he was entitled where he had raised this issue promptly, although not in the correct procedural manner. *Id.* at 752–53. We modified the original mandate to allow payment of interest. *Id.* at 753 (citing Fed.R.App.P. 37 advisory committee note).

In *Reaves v. Ole Man River Towing, Inc.*, 761 F.2d 1111 (5th Cir.1985), we remanded the judgment in favor of Reaves for the recalculation of one element of damages without mentioning interest. The district court properly awarded interest only from the date of the decision on remand. *Id.* at 1112. When Reaves appeal-

ed, we modified our mandate to allow him the interest from the date of the original judgment to which he was entitled. *Id.* at 1112–13. We relied on *Reeves* when we stated that "the rule [requiring a party to seek reformation of a mandate in a petition for rehearing] must give way if necessary to avoid an unjust result." *Id.* at 1112.

*Gele v. Wilson*, 616 F.2d 146 (5th Cir. 1980), does not preclude us from recalling the mandate in the case at bar. In *Gele*, we remanded for a reapportionment of fault on the first appeal. *Id.* at 147. Our mandate did not specify when interest should attach to the damages award. *Id.* at 149. On remand, the district court ordered the interest on a portion of the damages award to run from the date of the second judgment. *Id.* at 147. On a second appeal, the plaintiff asserted that the entire interest award should run from the date of the original judgment. *Id.*. We relied on *Briggs* and Fed.R.App.P. 37 in refusing to reform our prior mandate. *Id.* at 149–50. We noted that the plaintiff did not properly seek a reformation of the mandate in a petition for rehearing. *Id.* at 149. Furthermore, the defendant responsible for the portion of the damages award in question was held liable for the first time on remand. We found that his obligation to pay the award, and therefore interest, did not legally arise until that time. *Id.* at 150. Unlike the plaintiffs in *Reeves* and *Reaves*, the *Gele* plaintiff was not legally entitled to the interest that she sought.

In *Gele*, a prevailing party sought interest to which she was not entitled in addition to the award she received on remand. The advisory note accompanying Fed.R. App.P. 37 speaks directly only to the situation where a prevailing party considers himself entitled to more interest than he received on remand. In the current case, a losing party challenges an award of prejudgment interest that the district court had no authority to grant. A portion of that award is contrary to our existing case law. The injustice of this situation requires us to recall our prior mandate and address this issue.

## III

Walk first argues that Martin is not entitled to any prejudgment interest because Martin originally brought this action at law rather than in admiralty. We have held that prejudgment interest is not permitted on a recovery pursuant to a Jones Act action at law. *Williams v. Reading & Bates Drilling Co.*, 750 F.2d 487, 491 (5th Cir.1985) (citing cases). Where a party recovers under a Jones Act claim in admiralty, however, the trial judge has discretion to award prejudgment interest. *Id.*

In *Doucet v. Wheless Drilling Co.*, 467 F.2d 336 (5th Cir.1972), the plaintiff recovered under the Jones Act and the district judge added prejudgment interest to his award. This court affirmed that award. We found that the plaintiff's action began at law because his complaint contained no statement identifying it as an admiralty claim pursuant to Fed.R.Civ.P. 9(h), and because he originally requested a jury trial. *Id.* at 339. He waived this request three days before trial. *Id.* We held that under such circumstances the district court had the discretion to consider the waiver as an election to proceed in admiralty, even though the plaintiff did not fulfill the formal pleading requirements of Fed.R.Civ.P. 9(h) or 15. *Id.* at 340–41. The defendant in that case did not object, move for continuance, or inquire about the posture of the case. *Id.*

 *Doucet* controls the case at bar. Martin's complaint did not contain a statement identifying it as an admiralty claim and he originally requested a jury trial. He abandoned that request before trial. Walk did not object to the basis of the district court's jurisdiction until it moved for a new trial after the judgment on remand. The district court thus had the discretion at trial and on remand to proceed in admiralty and to award prejudgment interest on Martin's recovery. The judge did not abuse this discretion in granting an award of prejudgment interest, at least on those losses which had accrued as of the date of the judgment.

## IV

 Walk argues alternatively that this circuit does not permit an award of prejudgment interest on the portion of a judgment that compensates a party for future damages. Martin counters this argument by citing two cases in which this court affirmed an award of prejudgment interest on judgments that impliedly included future damages. We did not discuss the issue of prejudgment interest in depth in either of these cases. *See Drachenberg v. Canal Barge Co.*, 621 F.2d 760 (5th Cir. 1980); *McCormack v. Noble Drilling Corp.*, 608 F.2d 169 (5th Cir.1979).

More recently, however, we have explicitly held that a district court may not award prejudgment interest on future damages. *Williams*, 750 F.2d at 491 (citing *Wyatt v. Penrod Drilling Co.*, 735 F.2d 951, 956 n. 4 (5th Cir.1984)). This holding represents the binding rule. Permitting a recovery of interest on losses not yet incurred effectively grants the recipient a double recovery. We therefore hold that prejudgment interest may be recovered only on damages accrued as of the date of judgment. Other circuits have reached this same conclusion. *See Valley Line Co. v. Ryan*, 771 F.2d 366, 377 (8th Cir.1985) (dicta); *Hillier v. Southern Towing Co.*, 740 F.2d 583, 585–86 (7th Cir. 1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 961, 83 L.Ed.2d 966 (1985).

As we did in *Williams*, we remand to the district court for a division of the judgment into past damages and future damages, and for an appropriate reduction of the award of prejudgment interest so that it is calculated only on the losses incurred as of the judgment date.

The judgment appealed from is

AFFIRMED in part, and REMANDED with directions.