Henry E. FORD, Plaintiff-Appellant,

v.

GENERAL MOTORS CORPORATION, Defendant-Appellee.

No. 79–2186.

United States Court of Appeals, Fifth Circuit. Unit B

Sept. 14, 1981.

Charles E. Moore, David S. Rand, Atlanta, Ga., for plaintiff-appellant.

King & Spalding, William A. Clineburg, Jr., Charles H. Kirbo, L. Joseph Loveland, Atlanta, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, Hill, Circuit Judge, and SHOOB *, District Judge.

JAMES C. HILL, Circuit Judge:

This case was consolidated for trial with *Williams v. General Motors Corporation,* 656 F.2d 120 (5th Cir. 1981), which we also decide today. Plaintiff Ford originally sought to be added as a party plaintiff in *Williams,* but the district court denied the motion because of factual dissimilarities in the two cases. As the following discussion will reveal, plaintiff Ford's case is a straightforward "failure to promote" age discrimination case related only tangentially to the "reduction of force" scenario present in *Williams, supra.*

## I.

Plaintiff Ford served as a "General Supervisor" at defendant General Motors Corporation's [GM] Lakewood Avenue, Atlanta, Ga. plant from June 1, 1971 through April 1, 1974. At that time, Ford was reduced to the position of "Supervisor." When the massive reduction-in-force, chronicled in *Williams, supra,* 656 F.2d at 122, befell the Lakewood Plant in February 1975, Ford was scheduled to be laid off. Because he was on sick leave at that time, however, Ford's lay-off was postponed until April 1, 1975. Eight months later, on January 12, 1976, Ford was restored to the salaried position of "Supervisor."

## II.

█ Ford complained in United States District Court, Northern District of Georgia, that GM unlawfully discriminated against him on the basis of his age.[1] Jurisdiction was conferred upon the court by 29 U.S.C. § 633a(c) (1976). Specifically, Ford alleged that his recall on January 12, 1976 to the position of supervisor, rather than general supervisor, was illegal because he had been specifically instructed that he would be recalled as a general supervisor, but was not because of his age. At trial, the district court directed a verdict against Ford because of the lack of "evidence in the record from which the jury could infer that he was as well or better qualified than the person who took the job."[2] From that verdict, Ford now appeals.

---

* District Judge of the Northern District of Georgia, sitting by designation.

1. Ford was 42 years old when he filed his complaint, and thus within the ADEA-protected age category.

2. While we approve the use of a flexible and "fluid" standard for a prima facie age discrimination case, *see Williams v. Gen'l Motors Corp.,* 656 F.2d 120, 128 (5th Cir. 1981), we note that the elements of *Price v. Maryland Casualty Co.,* 561 F.2d 609, 612 (5th Cir. 1977), are adaptable to this "failure to promote" case. Thus, the district court properly required Ford to introduce evidence: (1) that he was a member of the protected age group; (2) that he was not promoted to a given position; (3) that an-

## III.

In *Boeing Company v. Shipman*, 411 F.2d 365, 374–75 (5th Cir. 1969) (en banc), we illuminated the path for district courts in their consideration of motions for directed verdicts. Such motions should be denied, we wrote, when "there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions . . . ." *Id.* at 374. While the party opposing such a motion properly receives the benefit of "all reasonable inferences" flowing from the evidence, as we cautioned in *Boeing* and have since applied on numerous occasions, *e. g.*, *Wansor v. George Hantscho Company, Inc.*, 570 F.2d 1202, 1207 (5th Cir. 1978); *Zarzaur v. United States*, 493 F.2d 447, 452 (5th Cir. 1974), "[a] mere scintilla of evidence is insufficient to present a question for the jury," 411 F.2d at 374. With this standard in mind, then, we study the evidence introduced by Ford in a light most favorable to him.

## IV.

■ Ford has gleaned the record and points to the 1976 promotion of 35-year old Edward W. Cary to the position of general supervisor to support his claim of age discrimination. Cary, Ford asserts, received a lower personnel rating than Ford on "promotability," one of the three rating factors used by GM in evaluating its employees, yet was promoted to a general supervisory position within the "Quality Control Department," [3] where Ford had "extensive experience" and Cary had none. Ford further directs our attention to his trial testimony establishing that plant manager Victor Sutt had, in 1974, indicated that following reduction Ford would return to GM in a general supervisory position. This evidence, combined with Ford's testimony of his capacity to handle any "Quality Control Department" position, and viewed in a light most

other person, generally outside the protected age category, was placed in the position at issue; and (4) that Ford was qualified to fill the position sought. GM does not dispute that Ford has shown elements 1, 2, and 3.

favorable to Ford, is said by plaintiff Ford to create a jury issue.

We disagree. Ford has misunderstood his burden under *Price*. He must adduce evidence to show he is qualified for the position at issue, not evidence that another employee is not. Thus, his evidence as to the "promotability" rating does not advance his case for he has failed to explain how the rating *he received* rendered him qualified to discharge the specific tasks of a general supervisor. Ford, in fact, declined to introduce evidence of the duties of a supervisor in the "Quality Control Department," which would have been simple when he called GM's "managing agents" to testify on cross-examination. *See Williams, supra,* 656 F.2d at 122. All we are left with, then, is Ford's experience in the "Quality Control Department," his own testimony that he could handle any position, and Ford's hearsay testimony that plant manager Sutt declared in 1974 that Ford would return to GM after reduction in a glorious, supervisory blaze. This evidence is weak and insubstantial. Mindful not to allow our view and speculation of a "correct" jury result in Ford's case influence our decision as to the quantum of evidence necessary to reach the jury, we hold nonetheless that the district court correctly directed the verdict.

## V.

■ Plaintiff Ford further asks us to reconsider our explicit position that punitive damages and damages for pain and suffering are not recoverable in ADEA actions. *See Murphy v. American Motor Sales Corporation*, 570 F.2d 1226 (5th Cir. 1978); *Dean v. American Security Insurance Company*, 559 F.2d 1036 (5th Cir. 1977). Although we need not reach this issue of damages in light of our determination that the district court properly directed a verdict against Ford, we note that the task of reexamining and overruling panel decisions

3. This department is also known as "Department 70."

is left to the full Court, sitting en banc. *Ford v. United States*, 618 F.2d 357, 361 (5th Cir. 1980); *Truckline Gas Company v. Fed'l Energy Regulatory Comm'n*, 608 F.2d 582, 583 (5th Cir. 1979); *see* Fed.R.App.P. 35(a).

## VI.

Our conclusion, in brief, is that Ford did not introduce evidence—sufficient to create a jury issue—of his qualification for the promotion sought. The district court, thus, correctly directed the verdict against Ford.

AFFIRMED.