UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10415
Summary Calendar
_____


EARLE DAVID CRIM,

                                        Plaintiff-Appellant,

versus

RICKI TIGERT HELFER,
Chairman of the Federal Deposit Insurance Corporation,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:93-CV-2268-T)
_____

January 16, 1996

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

        Earle David Crim filed suit under the Age Discrimination

in Employment Act (the "ADEA"), 29 U.S.C. § 621 et seq., against

Ricki Tigert Helfer, in her capacity as chairman of the Federal

Deposit Insurance Corporation (collectively with Helfer, the

_____

[*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

"FDIC").[1] The district court granted summary judgment to the FDIC, and Crim appealed. We affirm the district court's judgment.

## I. BACKGROUND

In November 1989, Crim was hired, at the age of 59, as an internal review specialist at the FDIC's Addison, Texas office. In December 1991, at the age of 61, he was promoted to a section chief. He contends he was told at that time he would not be promoted to "Grade 13" until he had satisfactorily served as a section chief for six months.

Before the six month period expired, the FDIC merged its Addison and Dallas offices. As a result, the number of section chiefs was reduced from twelve to eight. Crim was not one of the eight retained. He was then sixty-two years old. At the time of the consolidation, the ages of the section chiefs retained were 37, 37, 35, 33, 37, 35, 32, and 40. The ages of those not retained, including Crim, were 62, 38, 41, and 34.

Crim filed suit, seeking punitive damages, against the FDIC. He contended it violated the ADEA and Title VII, 42 U.S.C. § 2000, by not retaining him as a section chief in the merged office and by failing to promote him to Grade 13. The district court granted summary judgment on all claims, dismissing them with prejudice.

---

[1] Crim's complaint initially named as defendant Andrew Hove, the then-acting chairman of the FDIC. Helfer subsequently became chairman, and Crim filed, and was granted, a motion to substitute parties.

Crim appeals the district court's grant of summary judgment on his ADEA claims.[2] He contends the district court erred in finding he did not present sufficient evidence from which a reasonable fact-finder could infer the FDIC discriminated against him because of his age in not retaining him as a section chief and in failing to promote him to Grade 13.

## II.  DISCUSSION

### A.  Standard of Review

We review the district court's grant of summary judgment *de novo*, applying the same standards as the district court. Bodenheimer v. PPG Ind., Inc., 5 F.3d 955, 956 (5th Cir. 1993). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate when "there is no genuine issue as to any material fact."  "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Bodenheimer, 5 F.3d at 956 (citations omitted).  "In making its determination, the court must draw all justifiable inferences in favor of the nonmoving party."  Id. (citations omitted).

### B.  Background on the ADEA

The ADEA makes it unlawful to discriminate against an individual over 40 years of age with respect to "compensation, terms, conditions, or privileges of employment because of such individual's age."  29 U.S.C. § 623(a).  Given that the instant

---

[2] Crim does not appeal the district court's grant of summary judgment on his Title VII and punitive damages claims.

case relies on circumstantial evidence to prove discrimination, we analyze it according to the three-part test enunciated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.E.2d 668 (1973).  Initially, the employee must set forth a prima facie case demonstrating that he or she 1) was within the protected class of the ADEA; 2) was adversely affected by the employment decision; 3) was qualified for the position at the time of the adverse decision; and 4) was replaced by someone younger or was otherwise discharged because of his or her age.  Bodenheimer, 5 F.3d at 957.  The establishment of the prima facie case creates a rebuttable presumption that the employer unlawfully discriminated against the employee.  Id.  The employer may then rebut the presumption by articulating a legitimate, non-discriminatory business reason for its action.  Id.  If the employer articulates such a reason, the burden reverts back to the employee.  He or she must then prove the employer's reason was only a pretext for discrimination.  Id.

To prevail ultimately, the employee must present sufficient evidence from which a reasonable fact-finder could infer that the employer's articulated reason was false and that discrimination was the true reason for the adverse employment decision.  St. Mary's Honor Center v. Hicks, __ U.S. __, 113 S.Ct. 2742, 2750, 125 L.E.2d 407 (1993).  The employee must present "proof that age motivated the employer's action, otherwise the law has been converted from one preventing discrimination because of age to ensuring dismissals only for 'just cause' to all people over

4

40."  Bienkowski v. American Airlines, Inc., 851 F.2d 1503, 1508 n.6 (5th Cir. 1988).

Accordingly, at the summary judgment stage, "we must assess whether [the employee] tendered factual evidence that would lead a jury to reasonably conclude that [the employer's] reasons are a pretext for age discrimination." Bodenheimer, 5 F.3d at 958. We conclude Crim has not presented such evidence, and thus affirm the district court's grant of summary judgment.

## C.   Crim's ADEA Claims

### 1.   Failure to Retain as a Section Chief

Crim first contends the FDIC discriminated against him because of his age by not retaining him as a section chief in the merged Addison-Dallas office.[3]  In support, he presents the following evidence:

> 1.  Seven of the eight section chiefs retained in the merged office were under forty years old.  Two of the four section chiefs not retained were over 40.  This disparity was noted by a counselor from the FDIC's Equal Opportunity Office (the "EEO").
>
> 2.  The FDIC employee making the retention decision, Victor Robert, incorrectly stated on his spreadsheet comparing the qualifications of the candidates for retention as section chief, that Crim's supervisor had rated him "poor" rather than "satisfactory."
>
> 3.  Robert did not give the spreadsheet to Ester Vana during the EEO investigation.

---

[3]     As did the district court, we assume Crim has established a prima facie case.  The FDIC articulated a non-discriminatory reason for its action.

This evidence is insufficient to establish a fact issue that the FDIC's reasons for not retaining Crim as a section chief were pretexts for age discrimination.

First, Crim's statistical evidence does not establish an age discrimination claim because it only analyzes twelve employees. Statistical evidence on small groups of employees cannot be used to establish an employer's discriminatory intent.[4] Haskell v. Kaman Corp., 743 F.2d 113, 121 (2d Cir. 1984) (collecting cases). Similarly, that an EEO counselor noted the "statistics" does not demonstrate the FDIC discriminated against Crim because of his age.

Second, Crim's allegation that Robert's spreadsheet did not accurately reflect his supervisor's evaluation of him does not establish a pretext for age discrimination. Even if Robert's information was incorrect, Crim cannot demonstrate the FDIC's reasons for not retaining him were false. Robert relied on fourteen other factors in deciding which section chiefs to retain. Further, this evidence does not establish Crim's age was a determinative factor or even an influence in the FDIC's not retaining him. Indeed, Robert's initial consolidation plan did retain Crim as a section chief. However, the regional FDIC office rejected the plan and ordered further staff cuts.

---

[4] Further, while the Fifth Circuit has recognized that gross statistical disparities may be used to establish discriminatory intent, Walter v. Lone Star Gas Co., 977 F.2d 161, 162 (5th Cir. 1992), Crim's statistics do not demonstrate a gross disparity. Eighty-three percent --ten out of twelve-- of the employees considered for retention as section chiefs were under age forty. Taking this fact into account, that the FDIC retained eighty-seven percent --seven out of eight-- of the under-forty employees does not demonstrate a gross disparity.

Third, Crim alleges that, because Robert did not provide the spreadsheet to the investigating EEO employee when initially requested, Robert fabricated the spreadsheet "after the fact" to justify his action. This speculation is insufficient to bar summary judgment. Travelers Ins. Co. v. Liljeberg Enterprises, Inc., 7 F.3d 1203 (5th Cir. 1993). Robert has given unrebutted sworn testimony that he prepared the spreadsheet before making his final decision.

Fourth, the FDIC presented much uncontradicted evidence supporting its non-discriminatory reasons for not retaining Crim. Robert based his selections of which section chiefs to retain upon, *inter alia*, each candidate's experience in property management, technical expertise, leadership skills, aggressive management style, interaction with senior management, organizational skills, supervisory skills, and track record in a downsizing environment. One of Crim's supervisors, Kevie Beard, testified that Crim did not have experience in property management, did not have an aggressive management style, had inadequate leadership and management skills, and generally lacked the specialized knowledge and technical expertise for the available section chief positions. Overall, Beard gave Crim's qualifications the lowest rating. Robert also testified that Crim had inadequate leadership and management skills.

Therefore, the district court properly granted summary judgment to the FDIC on Crim's failure-to-be-retained claim.

7

## 2.    Failure to Promote to Grade 13

Crim's contention that the FDIC discriminated against him due to his age in failing to promote him to Grade 13 is also without merit.   In support, Crim presents evidence that his supervisors told him he would at some time be considered for the promotion, that his promotion would not be prohibited by the FDIC's hiring freeze, and that one of Crim's supervisors, Jerry Bumbalough, thought he was qualified for the promotion.

This evidence does not support a cause of action for age discrimination.  To the extent Crim's failure-to-promote claim is based on his failure-to-retain claim, we have rejected his claim for failing to be retained as a section chief.  We thus reject his claim for failing to be promoted.  To the extent his failure-to-promote claim is independent of his first claim, we find that Crim cannot establish a prima facie case of discrimination.  See Ford v. General Motors Corp., 656 F.2d 117, 118 n.2 (5th Cir. 1981) (setting forth requirements for prima facie case for failure-to-promote discrimination).[5]  He cannot demonstrate he was qualified for the promotion.  Following the Addison-Dallas offices merger, Crim was no longer a section chief.  He thus did not hold a position with the potential for a Grade 13 promotion.  Further,

_____

[5]    To establish a prima facie case for failure-to-promote discrimination, the employee must show:
> (1) that he was a member of the protected age group; (2) that he was not promoted to a given position; (3) that another person, generally outside the protected age category, was placed in the position at issue; and (4) that [the employee] was qualified to fill the position sought.

Ford, 656 F.2d at 118 n.2.

even assuming Crim could establish a prima facie case, his evidence in no way indicates his age was a determinative factor in his not being promoted.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.