Geraldine ZAPPA, Plaintiff,

v.

WAL-MART STORES, INC., a Delaware corporation, Defendant.

No. 96-2256-CIV-T-17A.

United States District Court, M.D. Florida, Tampa Division.

April 17, 1998.

Geraldine C. Zappa, Bradenton, FL, pro se.

Sheila M. Cesarano, Shutts & Bowen, Miami, FL, Gary W. Nicholson, Elaine Seymour, Carson, Guemmer & Nicholson, Tampa, FL, for Defendants.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on the following:

1. Defendant's, Wal–Mart Stores Inc., Motion for Summary Judgment (Docket No. 25).

2. Plaintiff, Zappa's, Motion to Deny Defendant's Motion for Summary Judgment (Docket No. 29).

### ALLEGED FACTS

*Pro se* plaintiff, Geraldine Zappa, (hereinafter "Zappa"), was hired by Wal–Mart Stores, Inc., (hereinafter "Wal–Mart") in October of 1994. Zappa claims that Wal–Mart discriminated against her because of her age, and, thus, she filed a complaint against Wal–Mart under the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621. In her complaint, Zappa alleges that she was hired as a cashier and temporarily appointed to a pharmacy technician position between December of 1995 and June of 1996. Zappa also alleges that a Wal–Mart superior informed her that she was in training for the pharmacy technician position and could expect to occupy it permanently once the position became available. However, Zappa claims she was removed from her temporary pharmacy technician position in June of 1996. Subsequently, she alleges that Wal–Mart placed three inexperienced candidates, under the age of forty, into permanent pharmacy technician positions.

Wal–Mart alleges that Zappa requested to work as a full-time pharmacy cashier on and after June 10, 1996. Thus, Wal–Mart claims that the change in position was at her own request. Furthermore, Wal–Mart claims that Zappa is presently on unrelated medical leave and has not been released to return to work.

### STANDARD OF REVIEW

All motions for summary judgment are considered based upon the standards of review set forth by the Supreme Court in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue of fact', since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of the case with respect to which that party has the burden of proof. *See Celotex,* 477 U.S. at 322–23.

**1356**

### DISCUSSION

■ *Pro se* plaintiff, Zappa, filed an action for age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621, *et. seq.* (hereinafter "ADEA"). A plaintiff may establish a *prima facie* case of age discrimination in three ways: (1) by presenting direct evidence of discriminatory intent, (2) by satisfying the four part test of *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668, or (3) by statistical proof. *See Carter v. City of Miami,* 870 F.2d 578, 581 (11th Cir.1989).

■ Direct evidence of discrimination would be evidence which, if believed, would prove the existence of a fact without further inference or presumption. *See id.* at 581–82. However, the Eleventh Circuit Court of Appeals has held that not every remark regarding a person's age provides direct evidence of bias. *See Young v. General Foods Corp.,* 840 F.2d 825, 829 (11th Cir.1988). In the present case, Zappa does not have direct evidence of age discrimination. Therefore, she cannot establish a *prima facie* case of age discrimination under direct evidence.

The second way Zappa can establish a *prima facie* case of age discrimination is by offering statistical evidence. However, Zappa's statistical evidence, if any, presented in the case is insufficient, hence she cannot establish a case with statistical evidence.

■ The third way Zappa can establish a *prima facie* case of age discrimination is by satisfying the four part test of McDonnell–Douglas. Under this test, Zappa would have to prove that: (1) she is a member of a protected age group of forty to seventy under 29 U.S.C. Section 631(a) (1988); (2) that she was not promoted to a given position; (3) that another person, generally outside the protected age category, was placed in the position at issue; and (4) she was qualified to fill the position sought. *See Ford. v. General Motors Corp.,* 656 F.2d 117, 118 (5th Cir. 1981).

Applying the facts of this case to the first element of the *McDonnell Douglas* test, Zappa, at age forty-nine (49) at the time, is in the statutorily protected age group. Wal–Mart does not allege that Zappa cannot prove this element. However, in its Motion for Summary Judgment, Wal–Mart does allege that Zappa cannot prove the other three elements under the *McDonnell Douglas* test. Accordingly, Federal Rule of Civil Procedure 56(c) states that the moving party is to demonstrate that there is no genuine issue as to any material fact.

■ As to the second element of the *McDonnell Douglas* test, Wal–Mart alleges that Zappa cannot show that she was subject to adverse employment actions. Wal–Mart supports its allegation using an affidavit by Mitch Ziobrio to show that Zappa requested to work full-time as a pharmacy cashier on and after June 10, 1996. In fact, when Zappa was asked at her deposition whether she asked to be placed back as a cashier, she replied: "I might have, I don't know." (Docket No. 27, pg. 126). In addition, when asked whether she ever specifically asked to be placed in the pharmacy technician position, she responded: "I don't remember." (Docket No. 27, pg. 131). Thus, Zappa cannot allege that she was subject to adverse employment action by not being promoted if she cannot establish that she requested to be placed in a pharmacy technician position and was denied the promotion.

As for the third element of the *McDonnell Douglas* test, Wal–Mart briefly states that Zappa cannot establish that she was replaced by someone younger than herself. However, a bald assertion that the opposing party lacks sufficient evidence to support his case is not sufficient. *See Celotex,* 477 U.S. at 317. Therefore, Wal–Mart's conclusory statement does not properly demonstrate an absence of a genuine issue as to the third element.

Lastly, Wal–Mart claims that Zappa cannot establish that she was qualified for the pharmacy technician position. However, Wal–Mart does not adequately demonstrate that Zappa was not at least as qualified as those people who were promoted.

■ Although a plaintiff's burden in proving a *prima facie* case is light, summary judgment against the plaintiff is appropriate if he fails to satisfy any one of the elements of a *prima facie* case. *See Isenbergh v.*

*Knight–Ridder Newspaper Sales, Inc.,* 97 F.3d 436, 439 (11th Cir.1996). In viewing the evidence in the light most favorable to plaintiff, this Court finds that Zappa has not satisfied all prongs of the *McDonnell Douglas* test. Thus, as a matter of law, Zappa has not plead a *prima facie* case of age discrimination.

For the reasons discussed above, the plaintiff has not met her burden of establishing a *prima facie* case under any three of the available methods. Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment (Docket No. 25) be **granted** and the Clerk of the Court **shall** enter judgment for the defendant.