Jacques D. AUREL, Plaintiff,

v.

SCHOOL BOARD OF MIAMI–DADE COUNTY PUBLIC SCHOOLS, Defendant.

No. 02–21781CIV–MARTINEZ.

United States District Court, S.D. Florida, Miami Division.

April 11, 2003.

David Patrick Rowe, Rosemarie D. Robinson & Company, Miami, FL, for Jacques D. Aurel, plaintiff.

Ana Isabel Segura, Dade County School Board, Miami, FL, for Miami Dade County School Board, defendant.

### ORDER GRANTING FINAL SUMMARY JUDGMENT

MARTINEZ, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion for Final Summary Judgment (D.E. No. 19–1), filed on *February 4, 2003.* For the reasons set forth below, Defendant's Motion for Summary Judgment is GRANTED.

### I. Procedural History

Defendant filed its Motion for Summary Judgment (D.E. No. 19–1), which has been fully briefed and is ripe for adjudication. The Court having carefully considered the case file, heard argument, and otherwise being duly advised, finds summary judgment is appropriate in this case, as Plaintiff has failed to establish a *prima facie* case of discrimination under Title VII.

### II. Legal Standard

Under Fed.R.Civ.P. 56(c), a Motion for Summary Judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court further explained the movant's burden in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) as follows:

**1.** The Court notes Plaintiff failed to comply with Rule 7.5, Local Rules for the United States District Court for the Southern District of Florida, which required Plaintiff to file a "single concise statement of material facts to which it is contended that there exists a genuine issue to be tried." The Rule further provides:

All material facts set forth in the statement required to be served by the moving party

In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Id.* at 322, 106 S.Ct. 2548. The Court further stated that "Rule 56(c) therefore requires a non-moving party to go beyond the pleadings and by [its] own affidavits or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548. By its very terms, this standard provides that the mere existence of "*some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### III. Analysis

#### A. Background [1]

■ Plaintiff, Jacques Aurel, (a Black or African American who was born in Haiti) is a qualified Motor Vehicle Mechanic who was employed by Defendant, the School

will be deemed admitted unless controverted by the opposing party's statement, if and only to the extent supported by specific references to the pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court.

Therefore, references are to Defendant's Statement of Undisputed Facts ["Statement"], except as otherwise noted.

Board of Miami–Dade County, Florida ("the School Board") (Plaintiff's Complaint). Defendant terminated Plaintiff's employment in October 2001 (Statement, ¶ 32). The School Board cited Plaintiff's alleged insubordination and unsatisfactory job performance as the reasons for Plaintiff's termination. *Id.* at ¶¶ 7, *et seq.* On October 17, 2001, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (See Plaintiff's Complaint, Exhibit A). Plaintiff sued Defendant for allegedly terminating Plaintiff based upon his race and national origin in violation of Title VII (See Plaintiff's Complaint).

## B. Prima Facie Case of Discrimination

Plaintiff has failed to prove a *prima facie* case of discrimination. Discrimination may be established through two theories of liability: "disparate treatment," in which a person is intentionally treated adversely because he belongs to a protected class or "disparate impact," in which a person is impacted by a facially-neutral rule. *See Watson v. Fort Worth Bank & Trust,* 487 U.S. 977, 986–87, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988). In order to prove a *prima facie* case of "disparate treatment" discrimination, Plaintiff may prove his case through: 1) circumstantial evidence of discrimination; 2) pattern and practice evidence of discrimination; or 3) direct evidence of discrimination. *See Zappa v. Wal–Mart Stores, Inc.,* 1 F.Supp.2d 1354, 1355 (M.D.Fla.1998) (setting forth three methods of proving disparate treatment discrimination due to age). Since Plaintiff avers he has direct evidence

of discrimination, the Court will address that issue first.

### 1. Direct Evidence

Direct evidence of discriminatory intent is shown by statements or actions directly evincing discriminatory animus that are made by the decision maker in connection with the decisional process at issue. *See, e.g., Buckley v. Hosp. Corp. of Am.,* 758 F.2d 1525 (11th Cir.1985) (direct evidence of age discrimination found where employee was told by supervisors that she would be demoted because she had lost her temper "due to her advanced age"); *EEOC v. Alton Packaging Corp.,* 901 F.2d 920, 924 (11th Cir.1990); *see also Wilde v. Fla. Pneumatic Mfg. Corp.,* 941 F.Supp. 1203 (S.D.Fla.1996); *Zappa,* 1 F.Supp.2d at 1356 ("not every stray remark regarding a person's [protected class] provides direct evidence of bias").

■ Plaintiff alleges his supervisors uttered various racial epithets (see Plaintiff's Response to Defendant's Motion for Summary Judgment ("Plaintiff's Response"),[2] *passim* ). Attached to Plaintiff's Complaint as Exhibit A is Plaintiff's Charge of Discrimination filed with the EEOC on October 17, 2001 (See Complaint, Exhibit A). The Charge of Discrimination alleges, in part: "I believe that I have been discriminated against because of my race, Black and national origin, Haitian, in violation of Title VII of the Civil Rights Act of 1964, as amended, *when I was terminated.*" *Id.* (emphasis added). Plaintiff's Charge of Discrimination fails to allege any other instances of discrimination, e.g., discrimination in be-

---

**2.** The Court notes Plaintiff's Response was filed in response to an Order to Show Cause, since Plaintiff failed to respond timely to Defendant's Motion for Summary Judgment. Plaintiff's Response provided little assistance to the Court in assessing Plaintiff's claims in light of Defendant's Motion for Summary

Judgment. Additionally, Plaintiff's Response is not paginated and the paragraph numbers are repeated for the various sections of the Response, therefore, the Court will refer to the section in which the paragraph is located for clarity.

ing referred to by racial epithets. Plaintiff has failed to exhaust his administrative remedies with regard to the racial epithets. *See e.g., Griffin v. Carlin,* 755 F.2d 1516, 1529 (11th Cir.1985). Therefore, the only claim properly before this Court is Plaintiff's claim of discrimination in his termination.

Since, Plaintiff raised the issue of the racial epithets, this Court will consider them in light of Plaintiff's claim of discrimination in his termination. It is undisputed the comments were allegedly uttered by Plaintiff's supervisors (see Plaintiff's Response, *passim* ). It is undisputed that Plaintiff's supervisors were not decision makers in determining to terminate Plaintiff's employment (Statement, ¶ 6). Remarks by non-decision makers are not direct evidence of discrimination. *See e.g., Alton Packaging Corp.,* 901 F.2d at 924. As Plaintiff failed to establish his case by direct evidence, Plaintiff may seek to use indirect evidence to establish a *prima facie* case of discrimination.

### 2. Indirect Evidence

Since direct evidence is rarely available, discrimination may be proved by indirect evidence. A plaintiff establishes a *prima facie* case of discrimination based on disparate treatment using indirect evidence, if he can establish: 1) he is a member of a protected class; 2) he is qualified to perform the job at issue; 3) he has suffered some adverse employment action; and 4) someone outside the protected class of which he is a member was treated differently [referred to as "comparators"]. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Plaintiff fails to prove a *prima facie* case of disparate treatment discrimination upon the fourth element.

Plaintiff's Response attempts to provide two examples to satisfy the fourth element. Plaintiff's Complaint at paragraph 17 re-fers to "[w]hite employees who were found drinking on the work premises were not disciplined." Additionally, paragraph 18 alleges Mr. Robert Tavern, who "mis-diagnosed the condition of a School Bus ... was not disciplined by the Defendant for his action." Plaintiff has failed to adduce competent evidence regarding these proffered comparators.

■ Plaintiff's Response with regard to the alleged comparators is in violation of Fed.R.Civ.P. 56(e). Fed.R.Civ.P. 56(e) requires, in relevant part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify on the matters stated therein." Plaintiff has failed to show he has personal competence regarding either the alleged employees who were found drinking on the job or Mr. Tavern, particularly with regard to the disciplinary action that may have been taken in either case.

Even if Plaintiff had personal competence to testify regarding the comparators, Plaintiff failed to meet the burden to show any of the alleged comparators is outside the protected class of which Plaintiff is a member and was treated differently, which is the fourth element of a *prima facie* case of disparate treatment discrimination. *See, McDonnell Douglas* 411 U.S. at 802, 93 S.Ct. 1817. Plaintiff's Response states: "Plaintiff alleges that he was not treated the same way as White employees" (citations omitted; at paragraph 17, "Summary Judgment Standard"). Although Plaintiff attempts to offer the legal conclusion that the alleged comparators were similarly-situated employee with Plaintiff, Plaintiff offers no further evidence to support this conclusion. Plaintiff has failed to show that any person was similar to Plaintiff in all respects except for membership in the protected class. Therefore, Plaintiff failed

to establish a *prima facie* case of disparate treatment discrimination.

### 3. Pretext

Assuming *arguendo* that Plaintiff had established a *prima facie* case of discrimination, Plaintiff has failed to establish Defendant's proffered reasons for the termination were pretextual. Under the *McDonnell Douglas* burden-shifting framework, once Plaintiff has established a *prima facie* case of discrimination, Defendant must then adduce a legitimate, nondiscriminatory reason for the action. *See McDonnell Douglas,* 411 U.S. 792, 93 S.Ct. 1817. Here, Defendant has stated it terminated Plaintiff's employment based upon his unsatisfactory performance and insubordination. At this point, the burden shifts back to Plaintiff to show Defendant's reasons are pretextual. *Id.* Plaintiff must show that both Defendant's articulated reason is false and the real reason was discrimination. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 524, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Further, at all times during the burden-shifting analysis, the Plaintiff bears the ultimate burden of proving intentional discrimination. *Id.* Here, Plaintiff has offered only conclusory allegations of pretext. Plaintiff's Response states: "Generally, the record is replete with testimony about disparate treatment" (paragraph 18, "Summary Judgment Standard"). Plaintiff's conclusions are insufficient to establish pretext and defeat summary judgment.

### C. Mere Allegations

Plaintiff has set forth nothing more than mere allegations of discrimination to support his claim. While such allegation will withstand a motion to dismiss under Fed. R.Civ.P. 12(b)(6), "[i]n response to a summary judgment motion.... the plaintiff can no longer rest on ... 'mere allegations,' [which are acceptable at the pleading stage] but must 'set forth' by affidavit or other evidence 'specific facts' " *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). As discussed above, Plaintiff offers only allegations of discrimination.

While considering a Motion for Summary Judgment, the Court is required to review the entire case file, along with any affidavits, depositions, and other supporting evidence provided by the parties. Fed.R.Civ.P. 5(c). Here, the entire case file contains repeated, overly broad generalizations of discrimination by Defendant, such as those listed above. Such generalizations are insufficient to defeat a Motion for Summary Judgment. Plaintiff has failed to provide *any* evidence as to how Defendant's termination of Plaintiff was discriminatory. ·

### D. Material Fact in Dispute

Assuming again Plaintiff had established a *prima facie* case of discrimination and pretext, in order for a motion for summary judgment to fail, the Plaintiff must show any issue of material fact is in dispute. Fed.R.Civ.P. 56(c). Here, Plaintiff has failed to show there is a genuine issue of *material* fact. Plaintiff's only surviving claim here is regarding his termination; therefore, for Plaintiff's case to survive a Motion for Summary Judgment, Plaintiff must show there is a genuine dispute regarding the elements of his discrimination claim regarding the termination. Plaintiff's Response is a recitation of the parties' *factual* disputes (e.g., "Lying, defamation and cheating by the Defendant's Officers, cannot be used by the Defendant to assert a legitimate non-discriminatory reasons [sic] for discharging the Plaintiff." Plaintiff's Response, paragraph 3, "The Conference For the Record") and legal conclusions ("Generally, the record is replete with testimony about disparate treatment." *Id.* at paragraph 18, "Summary Judgment Standard").

Further, Plaintiff in the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," Fed.R.Civ.P. 56(c), along with Plaintiff's own Response has failed to address any *material* fact in dispute regarding Plaintiff's surviving claim.

By its very terms, the summary judgment standard provides that the mere existence of "*some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Plaintiff's disagreement with previously-decided cases, along with factual disputes that do not affect the essential elements of Plaintiff's discrimination claim (or otherwise stated, are not issues of material fact), do not defeat Defendant's Motion for Summary Judgment.

In accordance with Fed.R.Civ.P. 56(c), there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law. For the reasons stated above, it is, therefore:

**ORDERED AND ADJUDGED** that

Defendant's Motion for Summary Judgment (D.E. No. 19–1) is hereby GRANTED.

Summary Final Judgment be and the same is hereby ENTERED in favor of the Defendant and against Plaintiff. Plaintiff SHALL take nothing by this action and Defendant SHALL go hence without delay. All pending motions are DENIED AS MOOT, and this case is CLOSED.