[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2010
JOHN LEY
CLERK

No. 08-16429
Non-Argument Calendar
_____

D. C. Docket No. 06-02396-CV-RWS-1

GREG NANCE,

Plaintiff-Appellant,

versus

RICOH ELECTRONICS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 4, 2010)

Before EDMONDSON, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Greg Nance, a Caucasian employee at Ricoh Electronics, Inc. ("REI"),

appeals the grant of summary judgment to REI on his action filed under 42 U.S.C. § 1981, alleging that REI had a racially discriminatory policy and failed to promote him to engineering manager because he was not Asian. Nance alleged that REI promoted Choon Park, an Asian employee who was not qualified, to the engineering manager position. On appeal, he argues that the district court erred in: (1) granting summary judgment to REI after finding that he failed to establish a prima facie case of discrimination; (2) excluding witness declarations that he submitted because he failed to comply with the disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure; and (3) denying his motion to supplement the pleadings to add a retaliation claim based upon his termination during the litigation.

## I.  Motion for Summary Judgment

Nance argues that the district court erred in granting summary judgment to REI because he established a genuine issue of material fact based on circumstantial evidence. He argues that the record indicates that REI had a policy of reserving particular positions for Asian employees. He further argues that REI had a pretextual reason for not promoting him. In support of his arguments, he cites to witness declarations that the court had stricken for failing timely to disclose these witnesses pursuant to Rule 26 of the Federal Rules of Civil Procedure.

"We review *de novo* a district court's grant of summary judgment, applying the same legal standards as the district court." *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). The moving party is entitled to summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). We "review the record, and all its inferences, in the light most favorable to the nonmoving party." *Benson v. Tocco, Inc.*, 113 F.3d 1203, 1207 (11th Cir. 1997) (citation omitted). To establish a prima facie case of a violation of 42 U.S.C. § 1981 for failure to promote based on circumstantial evidence, a plaintiff must show that: (1) he "is a member of a protected class;" (2) he "was qualified and applied for the position;" (3) he "was rejected despite [his] qualifications;" and (4) another equally or less qualified employee who was not a member of the protected class was promoted. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1089 (11th Cir. 2004).[1]

Here, there is no dispute that Nance is a member of a protected class. However, Nance fails to satisfy the second element required to show a prima facie

---

[1] *Wilson* was a Title VII case; however, we review claims under Title VII and § 1981 under "the same analytical framework" because these claims "have the same requirements of proof." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998).

case of discrimination—that he was qualified and applied for the position. *See Wilson*, 376 F.3d at 1089. One of the necessary skills for the engineering manager position was project management. The engineering manager spends 30% of his time managing projects, whereas six other tasks account for the remaining 70%. Thus, project management is the cornerstone of the position. REI witnesses, Paul Tsai, Carl Wilson, and Frantz Pierre, all of whom oversaw Nance's performance, attested in their respective affidavits that they did not believe that Nance possessed the requisite project management skills to be promoted to engineering manager. Although Nance argues that he was qualified for the position, an employee's testimony about his qualifications constitutes "weak and insubstantial" evidence. *See Ford v. Gen. Motors Corp.*, 656 F.2d 117, 119 (5th Cir. 1981) (holding that plaintiff's own testimony and hearsay testimony constituted "weak and insubstantial" evidence).[2] The only evidence Nance sought to introduce in opposition to REI's motion for summary judgment was evidence to show that Park was not qualified for the engineering manager position and that REI had treated at least one non-Asian employee applicant differently from Park.

Moreover, Nance did not apply for the engineering manager position. He

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business of September 30, 1981.

alleged that the position was not posted. Even if the position was not posted, however, we have held that the failure to post a job, "even where preselection violates corporate personnel policies, . . . does not necessarily indicate racial discrimination." *See Springer v. Convergys Customer Mgmt. Group Inc.*, 509 F.3d 1344, 1350 (11th Cir. 2007) (per curiam). Thus, by itself, REI's failure to post the position does not allow Nance to prove the second element of the prima facie case. Furthermore, Tsai, Wilson, and Pierre attested, without dispute from Nance, that Nance never inquired about any promotions, so they did not realize that he was interested in the position at issue. Therefore, because Nance fails to set forth a prima facie case of discrimination, the district court properly granted summary judgment to REI.

## II. Exclusion of the Witnesses' Testimonies

Nance argues that the district court erred in excluding the declarations of his witnesses in support of his response to REI's motion for summary judgment. He argues that he disclosed these witnesses and their expected testimonies during his deposition in a related case, and that such deposition took place before initial disclosures were due in the present case. He argues that REI would not have been prejudiced if the witnesses' testimonies were admitted. He further argues that the witnesses' testimonies were relevant to confirm that: (1) REI had a discriminatory

policy against non-Asians; (2) REI provided a false explanation for its policy; and (3) no reasonable employer would have hired Park instead of Nance for the management position.

We review a district court's decision regarding a motion to strike evidence for abuse of discretion. *Benson*, 113 F.3d at 1208 (citation omitted). Federal Rule of Civil Procedure 26(a)(1)(A)(i) states that, aside from exceptions that are inapplicable to the present case:

> a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]

Rule 37(c) provides the consequences for a party's failure to disclose, pursuant to the requirements of Rule 26. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). When determining "whether the exclusion of a witness was an abuse of discretion, an appellate court should consider the explanation for the failure to disclose the witness, the importance of the testimony, and the prejudice to the

opposing party." *Fabrica Italiana Lavorazione Materie Organiche, S. A. S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776, 780 (11th Cir. 1982) (citation omitted).

Here, Nance contends that he provided the names of his witnesses during his deposition with REI that took place on January 22, 2007. However, Nance acknowledges that the deposition was for another REI discrimination case, and he does not dispute that REI's counsel in the present case was not present for the deposition in the related case. Thus, although Nance may have disclosed the names of witnesses for the other case, he failed to do so for the present case. He argues that, "[e]arly in the litigation," he provided "a detailed statement of the information that the witnesses possessed or the information that [he] believed the witnesses possessed." However, he cites to the same January 22, 2007 deposition in support of his argument, which he attached to his opposition of REI's motion for sanctions, which was filed *after* the district court entered summary judgment in the present case.

Moreover, Nance fails to provide any argument that his lack of disclosure was substantially justified. Instead, he argues that REI was not prejudiced because his witnesses were either current or former REI employees "with whom [REI] was familiar." Because Nance did not disclose these witnesses, REI did not have the

7

opportunity to depose them and conduct thorough discovery. REI would be further prejudiced because Nance relied upon these witnesses to support the crux of his arguments that: (1) REI had "a policy of discrimination against non-Asians;" (2) REI provided a false explanation for its policy; and (3) "no reasonable employer would have selected Park over Nance for the management position at issue." Thus, Nance does not show that his failure to disclose witnesses was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). Therefore, the district court did not abuse its discretion when it prohibited Nance from admitting the testimony of his undisclosed witnesses.

## III. Motion to Supplement the Pleadings

Nance argues that the district court abused its discretion in denying his motion to supplement the pleadings to add a retaliation claim based on Nance's termination during the litigation because the retaliation claim would require extensive discovery and would be tantamount to starting a new case. He argues that the district court should have granted his motion because it knew that: (1) in another case, REI admitted to having a policy that preferred Asian employers; (2) he was fired "under highly suspicious circumstances . . . including the timing of the termination near the end of the discovery period;" (3) regarding one of Nance's witnesses who had an exemplary record, REI skipped three steps of discipline and

8

instead, gave a final written warning to his witness; and (4) a federal investigator was concerned that REI was acting in retaliation.

We review a plaintiff's motion to amend his complaint for abuse of discretion. *Hinson v. Clinch County, Ga. Bd. of Educ.*, 231 F.3d 821, 826 (11th Cir. 2000). Federal Rule of Civil Procedure 15(d) provides, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." A district court shall freely give leave to amend "when justice so requires." *Laurie v. Ala. Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001) (per curiam) (quotation marks omitted). "There must be a substantial reason to deny a motion to amend," such as "undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.* (alteration in original) (internal citations and quotations omitted).

Here, Nance sought to supplement his pleadings by alleging retaliation from his termination that occurred over seven months after the discrimination alleged in his complaint. Although he moved to amend his complaint only two weeks after REI terminated his employment, this was also two days before the end of the

discovery period. The district court found that "[t]he discovery period proved almost entirely fruitless" for Nance because he failed to comply with the disclosure requirements of Rule 26(a). The district court also found that allowing Nance to amend his complaint would not support the purpose of Rule 15(d) because it "would have the effect of beginning this case anew on entirely different footing, and in effect form an entirely distinct action."

The district court did not abuse its discretion in denying Nance's motion to amend with a retaliation claim. Throughout the course of this case, Nance attempted to delay the proceedings. In addition to failing to comply with Rule 26(a)'s disclosure requirements, he filed motions to extend the discovery period and to extend the time to file a response to REI's motion for summary judgment. When the court granted his motion to extend the discovery period, he failed to conduct any discovery. Allowing Nance to supplement his complaint would have been akin to starting a new action because his current employment discrimination claim was in summary judgment proceedings, and the discovery period was to end in two days. Moreover, the district court correctly noted that its denial of Nance's motion would not cause him prejudice because he was not precluded from bringing a separate action based on the later conduct. *See Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir. 1992) (holding that res judicata does not bar those

claims that arose after the original pleading is filed in the earlier proceeding).

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**