[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11141
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 5, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:06-cv-02396-RWS

GREG NANCE,

        Plaintiff - Appellant,

versus

RICOH ELECTRONICS, INC.,

        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 5, 2011)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

      Greg Nance filed a complaint against his former employer, Ricoh

Electronics, Inc. ("REI"), alleging racial discrimination in violation of 42 U.S.C. §

1981. Nance, who was a senior-level engineer for REI in its Lawrenceville, Georgia facility, alleged that as a white male he was passed over for a promotion to be an engineering manager in favor of a less qualified Asian employee, who Nance contended lacked the requisite engineering degree for the promotion. Early in the case, the district court warned Nance that a failure to support the factual basis for his claim would result in the imposition of attorney's fees and costs sought by REI pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. When Nance failed to establish a *prima facie* case of discrimination, the district court granted summary judgment, which we affirmed. *Nance v. Ricoh Elecs., Inc.*, 381 F. App'x 919 (11th Cir. 2003). Now, Nance and his attorney, Stephen M. Katz, appeal the district court's sanction, arguing that the district court abused its discretion because (1) Nance established a *prima facie* case of discrimination, (2) the court wrongfully excluded depositions from consideration in granting summary judgment, and (3) the court wrongfully denied a motion to supplement Nance's complaint by adding a retaliation claim. REI argues that this appeal is frivolous and filed another motion for sanctions, this time pursuant to Federal Rule of Appellate Procedure 38.

We review a district court's award of sanctions pursuant to Rule 11 for an abuse of discretion. *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1421 (11th

Cir. 1996). "An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination or bases an award [or denial] upon findings of fact that are clearly erroneous." *Mut. Serv. Ins., Co. v. Frit Indus.*, 358 F.3d 1312, 1322 (11th Cir. 2004) (quoting *Coastal Fuels Mktg, Inc. v. Florida Express Shipping Co., Inc.*, 207 F.3d 1247, 1252 (11th Cir. 2000)).

After thorough review and consideration of the briefs and the record, we find no clearly erroneous findings of fact by the district court. Furthermore, we find that the district court applied the proper legal standard in awarding sanctions to REI. Nance's and Katz's arguments explaining why they should not have to pay sanctions is based substantially on issues that we already decided when we affirmed the summary judgment in the prior appeal. Moreover, we agree with the district court that Nance "has provided no reasonable basis for pursuing this meritless [litigation]" and has "failed to heed the Court's previous warning regarding the consequences of knowingly pursuing a meritless claim." Nance continued to prosecute the case after it became clear that the employee who received the promotion at issue had the requisite degree and qualifications. Since we find no abuse of discretion on the part of the district court in granting REI's motion for sanctions and attorney's fees, the district court's order is AFFIRMED.

3

REI's motion for sanctions under Federal Rule of Appellate Procedure 38 is

DENIED.

**AFFIRMED and DENIED.**